724 A.2d 315

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Ernest S. HENDRICKSON, Appellant.**

Supreme Court of Pennsylvania.

Argued March 11, 1998.

Decided Jan. 21, 1999.

---

Carl Max Janavitz, Pittsburgh, for Ernest S. Hendrickson.

Claire C. Capristo, Sally K. Kaye, Pittsburgh, for the Com.

Before FLAHERTY, C.J.,and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NIGRO, Justice.

The issue before the Court is whether Pennsylvania's statute defining the offense of harassment by communication or address, 18 Pa.C.S. § 5504, is unconstitutionally overbroad or vague. For the reasons set forth below, we conclude that the statute is constitutionally sound. We thus affirm the decision of the Superior Court.

The relevant facts are undisputed. Appellant sent documents by telecopy, or "fax," to about forty people at their offices. Appellant sent many of the documents repeatedly so that altogether, the forty individuals received about four hundred faxes. The faxes contained racial and ethnic statements and derogatory comments about the medical and legal professions. The recipients included faculty and staff of the University of Pittsburgh, a temporary employment agency staffed by African–Americans, the National Association for the Advancement of Colored People (NAACP) headquarters, an African–American former professional football player, law firms and other businesses. The faxes were unsolicited and sent anonymously. The recipients testified that the faxes disrupted their offices and invoked emotions of anger and fear. They complained to the police.

The police investigated the incidents and ultimately arrested Appellant. He was charged with multiple counts of harassment by communication or address under 18 Pa.C.S. § 5504(a)(1) and (a)(2), and ethnic intimidation under 18 Pa. C.S. § 2710. After a jury trial, Appellant was found guilty of thirty-six counts of harassment by communication or address under Section 5504(a)(2) and not guilty of ethnic intimidation. Appellant filed an appeal raising in part that the harassment by communication or address statute is unconstitutionally overbroad and vague in violation of the United States and Pennsylvania Constitutions.[1]

The trial court rejected the claim that the statute is overbroad because it abridges the right to free speech and expression. The court explained that the right to free speech is not absolute and that certain classes of speech, such as obscenity and fighting words, may be restricted. It found that Appellant's use of racial and sexual epithets in his faxes, which were sent repeatedly and anonymously, had no legitimate purpose. The court concluded that the faxes were intended to harass

---

1. While Appellant alleged that the statute violated the Pennsylvania Constitution, he did not develop this claim on appeal to the Superior Court and it held that it was waived. Appellant only presents an argument under the United States Constitution to this Court and thus that is the only claim before us.

and were not a form of communication safeguarded by the Constitution.

The Superior Court affirmed. It explained that the statute is not overly broad on its face or as applied to Appellant because it is directed at conduct rather than speech and requires an intent to harass. The court stated that the legislature has a legitimate interest in protecting its citizens from harassment. In addition, the court held that the statute is not unconstitutionally vague. It explained that since Appellant was found guilty of having the specific intent to harass the fax recipients, he could not complain that he did not know what he was doing was criminal. The court further stated that the statute is not so vague that it could be arbitrarily enforced by police officers. We granted Appellant's petition for allowance of appeal on these issues of first impression.[2]

A statute is presumed constitutional and will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution. *Commonwealth v. Barud,* 545 Pa. 297, 304, 681 A.2d 162, 165 (1996). All doubts are to be resolved in favor of a finding of constitutionality. *Commonwealth v. Figueroa,* 436 Pa.Super. 569, 574, 648 A.2d 555, 558 (1994), *appeal denied,* 540 Pa. 578, 655 A.2d 510 (1995).

Appellant argues that the harassment by communication or address statute is overbroad because it prohibits constitutionally-protected free speech. He attacks the statute facially, in that it is incapable of any valid application, and further argues that it is overbroad as applied to him. The statute provides:

> (a) Offense defined.—A person commits a misdemeanor of the third degree if, with intent to harass another, he:
>
> (1) makes a telephone call without intent of legitimate communication or addresses to or about such other person any lewd, lascivious or indecent words or language or anonymously telephones another person repeatedly; or

**2.** The Superior Court also held that Appellant has standing to challenge the statute's constitutionality. The record before the Court, however, does not reflect that standing was contested below. As such, we find that standing is not currently an issue before this Court.

(2) makes repeated communications anonymously or at extremely inconvenient hours, or in offensively coarse language.

18 Pa.C.S. § 5504.

A statute is overbroad if by its reach it punishes a substantial amount of constitutionally-protected conduct. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–95, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); *Grayned v. City of Rockford,* 408 U.S. 104, 114–15, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). If the overbreadth of the statute is substantial, judged in relation to its legitimate sweep, it may not be enforced against anyone until it is narrowed to reach only unprotected activity. *See Broadrick v. Oklahoma,* 413 U.S. 601, 613–15, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). The function of overbreadth adjudication, however, attenuates as the prohibited behavior moves from pure speech towards conduct, where the conduct falls within the scope of otherwise valid criminal laws that reflect legitimate state interests. *Id.* at 615, 93 S.Ct. 2908. The United States Supreme Court has explained that while such laws may implicate protected speech, at some point that potential effect does not justify invalidating a statute prohibiting conduct that a state has the power to proscribe. *Id.*

As recognized by the Superior Court, in *Thorne v. Bailey,* 846 F.2d 241 (4th Cir.), *cert. denied,* 488 U.S. 984, 109 S.Ct. 538, 102 L.Ed.2d 569 (1988), the Fourth Circuit Court of Appeals reviewed a similar statute that in part proscribes persons from making repeated telephone calls with an intent to harass. In rejecting the claim that the statute prohibits constitutionally-protected speech, the court explained that the statute does not preclude mere communication but seeks to protect citizens from harassment in an even-handed and neutral fashion. *Id.* at 243–44. It found that prohibiting harassment is not prohibiting speech and that harassment is not protected merely because it is accomplished by using a telephone. *Id.* Other jurisdictions reviewing overbreadth challenges to harassment statutes also have upheld their constitu-

tionality because the statutes permissibly seek to regulate harassing conduct as opposed to pure speech.[3]

■ We similarly find that the plain language of Section 5504 seeks to regulate conduct intended to harass another. The government has a legitimate interest in preventing the harassment of individuals. The statute is not directed at the content of speech and is unrelated to the suppression of free expression. Rather, the statute focuses on the manner and means of communication and proscribes communications made with an intent to harass. By requiring an intent to harass, the statute does not punish constitutionally-protected conduct and under the principles espoused in *Broadrick*, the statute is not facially overbroad in relation to its legitimate purpose.

■ Appellant argues that the faxes he sent contained political speech that cannot be constitutionally proscribed. He further maintains that he cannot be punished because his communications were anonymous. Appellant's argument, and the cases he cites in support,[4] are misplaced because the statute at issue is directed at the harassing nature of the communications, which the legislature has a legitimate interest in proscribing. The Superior Court properly recognized that the trial court's jury instruction focused on the conduct proscribed by the statute and not the content of the faxes. With respect to Section 5504(a)(2), which Appellant was found to have violated, the jury was charged that it must find that Appellant made repeated communications anonymously and with the intent to harass the victims. N.T., 9/12–21/94 at 982–83. Appellant was not convicted for exercising his constitu-

3. See, e.g., *Gormley v. Director, Conn. State Dep't of Probation*, 632 F.2d 938 (2d Cir.), *cert. denied*, 449 U.S. 1023, 101 S.Ct. 591, 66 L.Ed.2d 485 (1980); *State v. Richards*, 127 Idaho 31, 896 P.2d 357 (1995); *McKillop v. State*, 857 P.2d 358 (Alaska App.1993); *People v. Hernandez*, 231 Cal.App.3d 1376, 283 Cal.Rptr. 81 (1991).

4. See, e.g., *Consolidated Edison Co. v. Public Service Comm'n*, 447 U.S. 530, 100 S.Ct. 2326, 65 L.Ed.2d 319 (1980)(holding that an administrative order barring inserts in energy bills supporting nuclear power infringed freedom of speech); *Talley v. California*, 362 U.S. 60, 80 S.Ct. 536, 4 L.Ed.2d 559 (1960)(holding that ordinance requiring that handbills identify their sponsor or distributor is void because it may deter discussions of important public matters).

tional right to free speech. Thus, the statute also is not overbroad as applied to Appellant.

■ Appellant further claims that the statute is unconstitutionally vague. The void for vagueness doctrine requires that a statute define unlawful conduct with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982).

■ Appellant argues that the statute impermissibly uses vague terms since people differ as to what is lewd, lascivious, indecent, and offensively coarse. He also states that the statute fails to define what constitutes repeated communications. In *State v. Richards*, 127 Idaho 31, 896 P.2d 357 (1995), the Idaho Court of Appeals rejected a similar challenge to a harassment statute. It explained that all words in a criminal statute need not be defined, and when they are not, the terms are given their ordinary meaning. Reviewing the dictionary definitions of lewd, lascivious, indecent, and profane, the court found that these words, when viewed in their statutory context, are sufficiently specific to inform people of what is prohibited. *Id.* at 38, 896 P.2d at 364. We also find that the terms challenged by Appellant, when read in context, are sufficiently specific that it is understood what is prohibited.

■ In addition, vagueness challenges fail when a statute has a specific intent requirement because a defendant cannot complain he did not understand the crime where he has been found to have had the specific intent of doing what is prohibited. In *United States v. Lampley*, 573 F.2d 783 (3d Cir.1978), for example, the Third Circuit Court of Appeals found that a defendant could not be confused where a statute required that he intend to perform acts of harassment to be culpable. *See also Richards*, 127 Idaho 31, 896 P.2d 357 (specific intent requirement precludes complaint that the crime of harassment was not understood). The statute at issue requires the Com-

monwealth to establish that Appellant had the intent to harass. Finally, the jury found that Appellant made repeated communications anonymously with an intent to harass and thereby violated Section 5504(a)(2). Given the ordinary meaning of these words, and the fact that Appellant anonymously sent four hundred faxes to forty people, he plainly engaged in the conduct proscribed by the statute. Appellant's vagueness challenge lacks merit.

In sum, we conclude that Pennsylvania's statute defining the offense of harassment by communication or address, 18 Pa. C.S. § 5504, is not unconstitutionally overbroad or vague. The decision of the Superior Court is affirmed.