## Commonwealth v. Budd

C.P. of Bucks County, nos. 4259-01, 4234, 4235, 4236, 6201/01, 4395/01 and 4262/01.

*T. Gary Gambardella,* for plaintiff.
*Richard Fink,* for defendant Budd.
*John J. Kerrigan,* for defendant Doyle.
*Sara Webster,* for defendant Gilmore.
*William L. Goldman,* for defendant McMullen.

BIEHN, *J.,* January 8, 2002—Defendants filed a pretrial challenge to the constitutionality of the Institutional Sexual Assault Statute. 18 Pa.C.S. §3124.2. They allege that the statute is void for vagueness and overbroad. They also challenge the lack of a mens rea requirement in the statute.

At the time of the alleged incidents, defendants Budd, McMullen, and Gilmore were employed as Bucks County correctional officers. Defendant Doyle was a Bucks County prison counselor. All of the defendants have been separately charged with institutional sexual assault. Defendant Budd was charged under the original Act and the other three defendants were charged under the Act as amended in May of 2000. Although the incidents are factually unrelated, these matters were consolidated for the purpose of deciding whether the statute is constitutional.

The original Act states:

"(a) General rule.—A person who is an employee or agent of the Department of Corrections or county correctional authority commits a misdemeanor of the first degree if the person engages in sexual intercourse, deviate sexual intercourse or indecent contact with an inmate.

"(b) Definition.—As used in this section the term 'agent' means a person who is assigned to work in a state or county correctional facility who is employed by any state agency or any person employed by an entity providing contract services to the Department of Corrections or county correctional authority."

The amended Act provides as follows:

"(a) General rule.—Except as provided in section 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse), 3124.1 (relating to sexual assault) and 3125 (relating to aggravated indecent assault), a person who is an employee or agent of the Department of Corrections or a county correctional authority, youth development center, youth forestry camp, state or county juve-

nile detention facility, other licensed residential facilities serving children and youth, or mental health or mental retardation facility or institution commits a felony of the third degree when that person engages in sexual intercourse, deviate sexual intercourse or indecent contact with an inmate, detainee, patient or resident.

"(b) Definition.—As used in this section, the term 'agent' means a person who is assigned to work in a state or county correctional or juvenile detention facility, a youth development center, youth forestry camp, other licensed residential facilities serving children and youth, or mental health or mental retardation facility or institution who is employed by any state or county agency or any person employed by an entity providing contract services to the agency."

Although defendants assert that the original Act as well as the amended Act are unconstitutionally vague and overbroad, we disagree and dismiss their motions.

In evaluating a constitutional challenge, it is important to note that there is a strong presumption that legislative enactments do not violate the constitution. *Commonwealth v. Mikulan,* 504 Pa. 244, 470 A.2d 1339 (1983). Moreover, one who challenges the constitutionality of a statute has a heavy burden of persuasion. *Commonwealth v. Barud,* 545 Pa. 297, 681 A.2d 162 (1996). "While penal statutes are to be strictly construed, the courts are not required to give the words of a criminal statute their narrowest meaning or disregard the evident legislative intent of the statute." *Commonwealth v. Murray,* 749 A.2d 513, 516 (Pa. Super. 2000). "A statute, therefore, will only be found unconstitutional if it

'clearly, palpably and plainly' violates the constitution." *Barud* at 304, 681 A.2d at 165. "All doubts are to be resolved in favor of a finding of constitutionality." *Commonwealth v. Hendrickson,* 555 Pa. 277, 280, 724 A.2d 315, 317 (1999).

Although the Act itself makes no specific reference to the degree of culpability required, 18 Pa.C.S. 302(b)(1)(i) provides that a person acts intentionally with respect to a material element of an offense if the element involves the nature of his conduct or a result thereof and it is his conscious object to engage in conduct of that nature or to cause such a result. Further, subsection (c) of section 302 provides that when the culpability sufficient to establish a material element of an offense is not prescribed by law, as in the case before us, each element is established if a person acts intentionally, knowingly or recklessly with respect there to. Therefore, the Pennsylvania Crimes Code provides for the culpability required where there is no specific reference to it in the statute itself.

## DEFENDANTS' VAGUENESS CHALLENGE

Defendants challenge the statute on the basis that it is unconstitutionally vague. The vagueness challenge consists of two prongs. First, is the statute facially invalid and second, does it violate due process? A law is void on its face and violative of due process if it is so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. *Commonwealth v. Savich,* 716 A.2d 1251 (Pa. Super. 1998).

The Institutional Sexual Assault Statute is facially valid. The statute clearly states the conduct that is pro-

hibited. An employee may not engage in sexual relations with an inmate. There are several strong public policies behind the statute. The efficient operation of county institutions, prisons and other county detention facilities is a legitimate government interest. So too is the protection of inmates and other individuals under county supervision. Employees of a county should not engage in any type of sexual activity with an inmate at any time. Inmates are under the supervision of the county and as such should be protected. Employees of the county, especially county employees with a day-to-day relationship with the inmates are in a position of power and have certain responsibilities. As a result of this power imbalance, a truly consensual relationship cannot exist.

Defendants assert that 18 Pa.C.S. §3124.2 violates their due process rights under both the United States and Pennsylvania constitutions. Due process is required under the state constitution as well as under the federal constitution. *Philadelphia Gas Works Co. v. Philadelphia,* 331 Pa. 321, 1 A.2d 156 (1938).[1] The terms "due process of law" in the United States Constitution and "law of the land" in the Pennsylvania State Constitution are legal equivalents. *Commonwealth v. Martin,* 727 A.2d 1136

---

1. The Due Process Clause of the United States Constitution states: "No state shall . . . deprive any person of life, liberty, or property without due process of law." Article 1 Section 1 of the Pennsylvania Constitution states in part: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation and of pursuing their own happiness." Article 1 Section 9 of the Pennsylvania Constitution provides: "Nor can an accused be deprived of his life, liberty, or property unless by the judgment of his peers or the law of the land."

(Pa. Super. 1999), *reargument denied, appeal denied,* 560 Pa. 722, 745 A.2d 1220 (1999).

"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Mikulan* at 251, 470 A.2d at 1342. Constitutional prohibition against vagueness does not invalidate every statute that could have been drafted with greater precision. The principal aspect of the doctrine is the requirement that legislation establish minimal guidelines to govern law enforcement. Without such minimal guidelines a criminal statute might permit a standardless sweep that allows policemen, prosecutors and juries to pursue their personal predilections. *Mikulan* at 251, 470 A.2d at 1342-43.

Due process requirements are satisfied if the statute contains reasonable standards to guide prospective conduct. *Adelphia Cablevision Associates of Radnor L.P. v. University City Housing Co.,* 755 A.2d 703 (Pa. Super. 2000). The Institutional Sexual Assault Statute withstands defendants' vagueness challenge because it provides reasonable standards to guide future conduct. Defendants assert that the statute is vague because it does not define the criminal offense of institutional sexual assault with sufficient definiteness that ordinary people can understand what conduct is prohibited by the statute. Defendants also argue that the terms "inmate" and "employee" are vague. While the terms are not defined in the statute, a person of common intelligence would understand the meaning of the terms. The United States Supreme Court

held that void for vagueness simply means that criminal responsibility will not attach where a person could not reasonably understand that his contemplated conduct is prosecutable. *U.S. v. National Dairy Corp.,* 372 U.S. 29, 83 S.Ct. 594 (1963). The statute clearly provides reasonable standards by which a person may gauge his or her future conduct. The Institutional Sexual Assault Statute is facially valid and provides due process rights by its reasonable standards.

The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. *U.S. v. Harriss,* 347 U.S. 612, 74 S.Ct. 808 (1954). If the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be stricken as vague even though marginal cases could be put where doubts might arise. If this general class of offenses can be made constitutionally definite by a reasonable construction of the Act, it cannot be stricken. *Screws v. U.S.,* 325 U.S. 91, 65 S.Ct. 1030 (1945). The fact that a statute is capable of being unconstitutionally applied does not render it void for vagueness if the criminal conduct prohibited is sufficiently described. *Shuttlesworth v. City of Birmingham,* 382 U.S. 87, 86 S.Ct. 211 (1965).

Defendants pose several hypothetical situations in which an employee or agent of the Department of Corrections may unknowingly engage in sexual relations with an inmate. For example, a prisoner and an employee of Bucks County walk into a bar at the same time. They talk, have some drinks and then leave the bar to have a sexual encounter. The employee is never informed that

the person that they had intimate contact with was a prisoner. But upon returning to the prison the prisoner offers up the employee in exchange for leniency in other matters. This as well as the other creative hypothetical situations do not render the statute void for vagueness because the prohibited criminal conduct is sufficiently described. Under this hypothetical, the employee's conduct was not "knowing." Therefore, the question is one of guilt or innocence rather than constitutionality. Where the facts of a particular case fall within the clear purpose of the prohibited act, its application will not violate constitutional safeguards merely because there is doubt as to its applicability in regard to other cases that may never arise. *Robinson v. U.S.,* 324 U.S. 282, 65 S.Ct. 666 (1945), and *U.S. v. Wurzbach,* 280 U.S. 396, 50 S.Ct. 167 (1930). See also, *Commonwealth v. Dodge,* 287 Pa. Super. 148, 429 A.2d 1143 (1981), involving a charge of prostitution; *Commonwealth v. Jackson,* 281 Pa. Super. 310, 422 A.2d 184 (1980), involving an implement of escape; *Commonwealth v. Burt,* 490 Pa. 173, 415 A.2d 89 (1986), involving vehicular homicide; and *Commonwealth v. Mastrangelo,* 489 Pa. 254, 414 A.2d 54 (1980).

The statute specifically identifies those persons whose conduct is prohibited. Prior to the amendment, it included an employee or agent, inter alia, of a county correctional authority. The amended statute broadens the class to include employee or agents of a number of detention and residential facilities serving juveniles or those with mental disabilities. The statute specifically defines the prohibited conduct as engaging in sexual intercourse, deviate sexual intercourse, or indecent contact. In the amended statute, the persons with whom an employee

or agent may not engage in this conduct include an inmate, detainee, patient or resident. In the statute prior to amendment, such persons are described as inmates. The obvious distinction between these statutes is that the previous statute only applied to an employee or agent of the department of corrections or county correctional authority while the amended statute broadens the scope to facilities housing juveniles or those with mental health or mental retardation issues. The purpose of the amendment was not only to upgrade the offense from a misdemeanor to a felony, but also to broaden the number of people affected and protected by the statute.

The original and the amended statute define the term "agent" as a person who is assigned to work in the relevant facility. This statute adequately and with sufficient specificity describes the persons whose conduct is prohibited, the nature of the conduct and the contemplated victims of that conduct. The original statute referred to a victim as "an inmate" because at that time the statute applied only to correctional institutions. The amended statute has been broadened as it currently refers to "an inmate, detainee, patient or resident."

Although not defined, it is clear in this case that each of the victims is an "inmate." Any person of reasonable intelligence should know and understand that the term "inmate" refers to someone committed to a correctional facility. Webster's Dictionary defines an inmate as a person confined, as in a prison or mental health facility. *Merriam Webster's Collegiate Dictionary* 602, 10th Ed. (1995). Although one of the cases involved prohibited contact with a person on work release, that particular person is still considered an inmate at the time of the

conduct. She was serving a sentence to the correctional facility and had been placed on work release pursuant to 42 Pa.C.S. §9755 which permits partial release to seek employment. Nonetheless, that person remained an inmate because she was required to return every evening and remain in confinement at night and over weekends and holidays. As such, that person's status remained as an inmate even though at times she was outside the physical confines of the prison.[2] It strains credulity that a correctional officer or a counselor working for a prison would not clearly understand that one who is committed, whether within prison walls or walking down the highway to a job from which she would be required to return immediately is an inmate. The sentencing statutes in Pennsylvania also provide guidance as to the definition of inmate. For example, the Sentencing Code, 42 Pa.C.S. §9724 and §9725, provide for partial confinement and total confinement respectively. Even under a sentence of partial confinement the individual is under the supervision of the court and the correctional or other institution where that individual is serving a sentence.

The cases before the court in this case fall within the purpose of the Act and are within proper police power of the state. It is clearly disruptive to maintaining a correctional institution if any type of sexual conduct or relationship between the residents and their keepers is permitted. The statute is not unconstitutional simply because the defendants' imaginative hypothetical scenarios illus-

---

2. See also, *Commonwealth v. Chiappini,* 566 Pa. 507, 782 A.2d 490 (2001), which held that home confinement in an electronic monitoring program can constitute "custody." Custody was not limited to imprisonment alone.

trate situations in which the statute has not been applied and may never be applied. *U.S. v. Petrillo, supra.* Thus, a statute should not be declared void for vagueness merely because of a doubt as to its workability in regard to other cases that may never arise. *Robinson v. U.S., supra* and *U.S. v. Wurzbach, supra.* Without this rule, fertile imagination could find a constitutional question in virtually any prohibitive statute. The constitutionality of a statute should be based upon real and not imagined infringements.

## DEFENDANTS' OVERBREADTH CHALLENGE

In evaluating defendants' overbreadth challenge the court must determine whether defendants have standing to challenge the statute. *Commonwealth v. Hendrickson,* 453 Pa. Super. 533, 684 A.2d 171 (1996). The United States Supreme Court decision in *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908 (1973), provides guidance in determining defendants' standing.

"[T]he court has altered its traditional rules of standing to permit—in the First Amendment area—'attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.' Litigants, therefore, are permitted to challenge a statute not because their own rights of free expression are violated, but because of the judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression."

Even if defendants have standing to challenge the Institutional Sexual Assault Statute, there is no constitutionally protected First Amendment. Defendants argue that somehow this statute violates the right of assembly as contained in the First Amendment to the United States Constitution. Yet the defendants'·conduct does not invoke a constitutionally protected First Amendment right. The conduct which is prohibited and covered by the statute is not constitutionally protected. The right of assembly does not protect an employee or person charged with the supervision of an inmate to engage in sexual relations or vice versa. Further, there is no case holding that an inmate is deprived of any constitutional right even when he or she is deprived of conjugal visits.

A statute is overbroad if by its reach it punishes constitutionally protected activity as well as illegal activity. The court must determine whether the enactment reaches a substantial amount of constitutionally protected conduct. *Commonwealth v. Hendrickson, supra.* In this case, the statute does not embrace any constitutionally protected activity. The United States Supreme Court has held that it is the burden of the person whose conduct is legitimately proscribable, and who seeks to invalidate the entire law because of its application to someone else, to demonstrate from the text of the law and from actual fact that substantial overbreadth exists. *Massachusetts v. Oaks,* 491 U.S. 576, 109 S.Ct. 2633 (1989).

The Pennsylvania Supreme Court held that a statute is overbroad only if by its reach it proscribes a substantial amount of constitutionally protected conduct. If the overbreadth of the statute is substantial, judged in relation to its legitimate sweep, it may not be enforced against any-

one until it is narrowed to reach only unprotected activity. *Commonwealth v. Hendrickson,* 555 Pa. 277, 724 A.2d 315 (1999). The function of overbreadth adjudication attenuates as the prohibited behavior moves from pure speech towards conduct where this conduct falls within the scope of otherwise valid criminal laws that reflect legitimate state interests. *Commonwealth v. Hendrickson, supra* at 540-41, 684 A.2d at 174.

Defendants argue that in some situations an inmate and a correction officer may be married or in some other relationship that may somehow be constitutionally protected in terms of their engaging in sexual conduct. It is true that the First Amendment constitutionally protects such relationships as husband and wife and the privacy of family. *Poe v. Gerstein,* 517 F.2d 787 (1975), *affirmed,* 428 U.S. 901, 96 S.Ct. 3202 (1976). This statute is not being applied in constitutionally protected relationships. The overbreadth doctrine requires a possible substantial infringement of a protected constitutional right, not a fanciful or insignificant possibility of infringement of a hypothetical person's rights.

Accordingly, Pennsylvania's Institutional Sexual Assault Statute is not unconstitutionally vague or overbroad.

## ORDER

And now, January 8, 2002, following argument and upon consideration of briefs, it is hereby ordered and decreed that defendants' motion to quash the information and dismiss the charges is denied.

It is further ordered and decreed that the Institutional Sexual Assault Statute is constitutional.