**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Jeffrey BUDD, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 19, 2002.

Filed April 4, 2003.

Richard R. Fink, Langhorne, for appellant.

Thomas G. Gambardella, Asst. Dist. Atty., Dolylestown, for Commonwealth, appellee.

Before: DEL SOLE, P.J., KLEIN and CAVANAUGH, JJ.

OPINION BY KLEIN, J.

¶ 1 Jeffrey Budd appeals from the judgment of sentence entered in the Court of Common Pleas of Bucks County for institutional sexual assault, 18 Pa.C.S.A. § 3124.2.[1] Budd challenges section 3124.2 on constitutional grounds. Because we

---

**1.** Budd was sentenced under former section 3124.2, which classified institutional sexual assault as a first-degree misdemeanor, and states:

A person who is an employee or agent of the Department of Corrections or county correctional authority commits a misdemeanor of the first degree if the person engages in sexual intercourse, deviate sexual intercourse or indecent contact with an inmate.

18 Pa.C.S.A. § 3124.2.

The former statute also defined the term "agent" as a person who is assigned to work in a state or county correctional facility. Under amended section 3124.2, which was effective 60 days after its enactment in May 2000, the definition of "agent" was expanded to include a person who is assigned to work at a juvenile detention facility, youth development center, youth forestry camp and other licensed residential facilities serving children and youth, or mental health facilities or institutions.

As the trial court acknowledges, the purpose of the Act's amendment was not only to increase the offense from a misdemeanor to a felony, but also to broaden the number of people affected and protected by the statute.

find that it is reasonable to conclude that a person is an "inmate" even if on work release, and a correctional officer is still a correctional officer even if off-duty, we find no constitutional infirmity. Also, under the facts of this case, there is sufficient evidence for the trier of fact to conclude that Budd knew that the inmate with whom he had a sexual relation was still an inmate on work release. Therefore, we affirm.

¶ 2 Budd, a Bucks County correctional officer, was arrested after he sexually assaulted a Bucks County Prison inmate on work release. The sexual encounter occurred when Budd, while off duty, saw the inmate going to her work-release job and offered her a ride in his car. Budd and the victim engaged in a single act of oral sex in his car in the parking lot of the Doylestown Library. Both the victim and Budd were dressed in civilian clothing at the time of the assault. Budd was not driving an official vehicle at the time. In his statement to the police after his arrest, Budd admitted that he "used to talk [to the victim] in front of the Men's Center."

¶ 3 On appeal, Budd claims that section 3124.2 is unconstitutional because the statute does not define relevant and important terms, such as "inmate." Moreover, he claims that the phrase "employee or agent of the Department of corrections or county correctional authority" is defined inadequately and broadly. Additionally, he argues that the statute is vague, overbroad and as a result violates due process.

¶ 4 First, we do not find that the undefined term "inmate" renders the statute unconstitutional on vagueness grounds. A statute will only be found to be void for vagueness if it fails to define unlawful conduct with sufficient definiteness so that ordinary people understand what conduct is prohibited. *See Commonwealth v. Craven*, —— Pa. ——, 817 A.2d 451 (2003)

(*citing Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). Any person of reasonable intelligence should know and understand that the term "inmate" refers to someone committed to a correctional institution. Moreover, it is clear that the victim in this case was an inmate because she was on work release from the prison at the time of the sexual encounter. She was serving a sentence at the time and was permitted to be temporarily released in order to seek employment. Nonetheless, she remained an inmate as she was required to return to the prison every evening and remain incarcerated at night and over weekends and holidays.

¶ 5 Second, we do not find the term "employee or agent of the department of corrections or county correctional authority" is so broad as it would render the statute unconstitutional. Again, a person of ordinary intelligence would understand the meaning of this term. Certainly Budd cannot claim that he does not fit within this category of persons. He was employed by the county as a prison guard.

¶ 6 We note that this Act would not provide a sanction if an off-duty correctional officer were to meet someone in a bar and proceed to have a sexual relation with that person, unaware of the fact that the other person was an inmate on work release. The provisions of section 3124.2 must be read in connection with the provisions relating to culpability found at 18 Pa.C.S.A. § 302. Section 302 requires that in order for a person to be convicted, he or she must act intentionally, knowingly, recklessly or negligently with respect to some aspect of the crime. Here, the defendant must know that his or her victim is an inmate at the time the sexual assault takes place.

¶ 7 Budd claims that in First Amendment cases, when a statute punishes constitutionally protected acts as well as illegal activity, the entire statute is to be stricken as overbroad. However, no First Amendment right is implicated in this matter. Therefore, as stated in the comprehensive opinion by the trial judge, Judge Kenneth G. Biehn, "Where the facts of a particular case fall within the clear purpose of the prohibited act, its application will not violate constitutional safeguards merely because there is a doubt as to its applicability in regard to other cases that may never arise." *Commonwealth v. Budd,* 56 Pa. D. & C. 4th 63, 71 (C.P. Bucks County 2002).

¶ 8 Budd asserts on appeal that he cannot be charged with knowledge that his victim was still on work release at the time he had sexual contact with her. However, from the record it appears that there was enough evidence to infer that Budd knew the victim was still on work release and an inmate at the time he committed the sexual assault. From the facts of this case, it is logical to infer that Budd knew the victim from his employment with the prison as a guard and her status as an inmate. He acknowledged her by name in his statement indicating that while he was driving, he "noticed [the victim] on her way to work [and] I offered her a ride." In addition, the two admittedly met in front of the Men's Center, a separate prison facility. As such it is reasonable to find that he acted intentionally and/or knowingly in carrying out the sexual acts against his victim. Under the Crimes Code, this is sufficient culpability to find him in violation of the Act. *See* 18 Pa.C.S.A § 302(b)(1)(i) (where statute makes no specific reference to degree of culpability required, a person is considered to act intentionally as to a material element of a crime if he acts intentionally, knowingly or recklessly with respect thereto).

¶ 9 In sum, the Institutional Sexual Assault Act does not violate due process rights because it provides reasonable standards to guide future prohibited conduct, it contains terms that are capable of being understood by persons of common intelligence, it defines the prohibited conduct specifically and with clarity, and it requires the defendant to have acted intentionally, knowingly, recklessly or negligently with respect to knowledge of the other person's status. The Act carries out a notable purpose, the protection of inmates who are in a position of subordination with respect to the employees of the county with whom they often have day-to-day contact.

¶ 10 Judgment of sentence affirmed.

¶ 11 CAVANAUGH, J., concurs in the result.