J-S17023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE BLOOMER | : | |
| | : | |
| Appellant | : | No. 1807 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 13, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-SA-0000391-2023

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED AUGUST 11, 2025**

George Bloomer appeals from the judgment of sentence imposed following his conviction for summary harassment. *See* 18 Pa.C.S.A. § 2709(a)(3). Bloomer argues his conviction violates his free speech rights under the federal and state constitutions and that the court abused its discretion in imposing an excessive sentence. We affirm.

The court summarized the evidence presented at Bloomer's non-jury trial as follows.

> [T]estimony was received from Paul Hitzel, [Bloomer's] neighbor, that [Bloomer had been] convicted of harassment before a Magistrate Judge on August 23, 2023[,] from a prior incident involving the same neighbors. Subsequently, on August 25, 2023, Mr. Hitzel picked up his children, ages 8 and 10, and arrived at his house at approximately 3:55 p.m. Upon arriving at the house, Mr. Hitzel was walking with the children, when [Bloomer] began yelling and videotaping them saying, "Tell daddy to put his blinker on, it's funny, it's funny, right, it's funny, you smile, the Hitzels also drive on the wrong side of the street and basically have no

consequences." [Bloomer] further called Mr. Hitzel "a child abuser" and accused Mr. Hitzel of failing to obey traffic laws. Later that day, [Bloomer] called the police on Mr. Hitzel, alleging that Mr. Hitzel did not obey the traffic laws and "went through a school bus." [Bloomer] also yelled at Mr. Hitzel's children saying, "Tell your daddy to put his blinker on," and called Mr. Hitzel a "fuckin' child abuser." A video of the incident was marked and admitted as Commonwealth Exhibit "1". In addition, [Bloomer] also told Mr. Hitzel that [he] "called CPS on [Mr. Hitzel] multiple times and once Terry Houck [(]the then-District Attorney[)] is out of office [Mr. Hitzel's] kids will be taken away." [Bloomer] also repeatedly stated: "It's funny, it's funny, right, you're covering your face with your phone, it's funny, right, with that Hitzel smirk on your face."

[Bloomer] and the Hitzels have an extensive history of neighborly disputes. Mr. Hitzel estimates that he has called the police on [Bloomer] several hundred times. There have been issues between the Hitzels and [Bloomer] for approximately 17 years. Mr. Hitzel indicated that he has similar incidents with [Bloomer] almost every day. [Bloomer] has repeatedly called Mr. Hitzel a child molester, child abuser, a CI snitch, and a drug addict.

[Bloomer] testified. He claimed that his neighbors have antagonized and threatened him and taken false charges against him. [Bloomer] also testified about his belief that his neighbors harass him. [Bloomer] further testified about his belief that Mr. Hitzel does violate traffic laws, that Mr. Hitzel's father has been "ripping off Social Security," and that Mr. Hitzel has engaged in acts of child abuse.

Trial Court Opinion, 8/8/24, at 2-3 (citations to notes of trial testimony and footnotes omitted). The court found Bloomer guilty and sentenced him to 45 to 90 days' incarceration, to be served consecutively to his sentence in another case.[1]

---

[1] In the other case, the court convicted Bloomer of summary harassment based on an incident with Hitzel's father, Paul Hitzel, Jr., that occurred on the previous day (August 24, 2023). The court sentenced Bloomer to 45 to 90 days' incarceration. Bloomer's appeal from that judgment of sentence is pending at Docket No. 1808 EDA 2024.

Bloomer appealed. He raises the following issues:

1. Should the Court vacate [Bloomer's] summary harassment conviction where, under the circumstances, the conviction violates his right to free speech under Article I Section 7 of the Pennsylvania Constitution and the First Amendment to the United States Constitution?

2. Did the trial court abuse [its] sentencing discretion by imposing a consecutive statutory maximum sentence where

(a) [Bloomer's] conduct consisted of a non-violent interaction of limited duration and (b) the trial court appears to have imposed [the] sentence in response to [Bloomer's] assertion of his constitutional right to free speech?

Bloomer's Br. at 5 (suggested answers omitted).

Bloomer first raises an "as-applied" challenge to the constitutionality of the harassment statute under the First Amendment of the United States Constitution. He asserts that in *Chaplinksy v. New Hampshire*, 315 U.S. 568 (1942), the United States Supreme Court outlined the three exceptions by which states may enact laws curtailing free speech, and that his conduct does not meet any of the exceptions. He claims that "[h]is conduct was not 'obscene' because it did not appeal to a 'prurient interest' or describe sexual conduct in a 'patently offensive way.'" *Id.* at 16. He also claims his conduct does not constitute "criminal libel" or "defamatory speech." *Id.* at 16-17. Bloomer additionally asserts his conduct does not "qualify as 'fighting words' because there was no prospect of an 'immediate breach of the peace.'" *Id.* at 17.

A challenge to the constitutionality of a statute "raises a pure question of law for which our standard of review is *de novo*, and our scope of review is

plenary." **Commonwealth v. Collins**, 286 A.3d 767, 775 (Pa.Super. 2022). "[A] statute will not be declared unconstitutional unless it clearly, palpably, and plainly violates the Constitution." **Id.** (citation omitted).

Bloomer was convicted under Section 2709(a)(3) of the Crimes Code. Section 2709(a)(3) provides, "A person commits the crime of harassment when, with the intent to harass, annoy or alarm another, the person: . . . engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose." 18 Pa.C.S.A. § 2709(a)(3). Bloomer argues that this statute, as applied to his conduct, violates his right to free speech. **See Collins**, 286 A.3d at 775 (differentiating between facial and as-applied challenges); **see also** 18 Pa.C.S.A. § 2709(e) (stating harassment statute "shall not apply to constitutionally protected activity").

**Collins** is instructive. In that case, the defendant was convicted under subsection (a)(3) of the harassment statute for having distributed "wanted" posters that accused the victim of being a cross between a goat and a pig, featuring the victim's mug shot, and displaying information from his DUI arrest. 286 A.3d at 770. The defendant also distributed letters bearing the victim's address and court summary. **Id.** The defendant argued that the convictions violated his First Amendment right to free speech, because they did not meet any of the **Chaplinsky** exceptions to freedom of speech. **Id.** at 773, 775.

This Court upheld the convictions. We noted that "the **Chaplinsky** exceptions[2] do not purport to be an exhaustive list of the categories of speech that may be prosecuted under the First Amendment." **Id.** at 776. We explained that "additional categories of offenses that criminalize speech— including solicitation, extortion, and other speech 'integral to criminal conduct'—have been deemed to pass constitutional muster." **Id.** We further observed the Pennsylvania Supreme Court has found that "the state has a legitimate interest in preventing harassment" and that the harassment statute is "directed at the harassing conduct rather than the speech itself." **Id.** (citing **Commonwealth v. Hendrickson**, 724 A.2d 315, 318 (Pa. 1999)). Turning to the conduct at issue there, we noted the posters and letters "served no other apparent purpose than as an invitation for the public to confront [the victim] at his residence or during his travels in the community." **Id.** at 777. We further noted the defendant's conduct was not intended to address matters of public concern, was not intended to warn the public that the victim might be driving with a suspended license, and was not of a symbolic nature. **Id.**

Here, Bloomer called Hitzel a child abuser outside of his home, and in front of his young children, and threatened to have them removed from Hitzel's care. Bloomer also repeatedly called Mr. Hitzel "a child molester, child abuser, a CI snitch[,] and a drug addict." Trial Ct. Op. at 10. This conduct, like that of the defendant in **Collins**, served no purpose other than to harass,

_____

2 We summarized the exceptions as applying to "obscenity, criminal libel, and 'fighting words[.]'" **Collins**, 286 A.3d at 776.

annoy, or alarm Hitzel. The conviction here, as in **Collins**, was directed at the conduct effected through the medium of speech, and not the speech itself. The First Amendment does not prevent the criminalization of such speech within the instant context.

Bloomer also contends that his conviction violates Article I, Section 7 of the Pennsylvania Constitution. Bloomer's Br. at 17. Bloomer quotes the Pennsylvania Supreme Court's statement that that the text of Section 7 is broader than that of the First Amendment because it "specifically affirms the 'invaluable right' to the free communication of thoughts and opinions, and the right of 'every citizen' to 'speak freely' on 'any subject' so long as that liberty is not abused." **Id.** at 32 (quoting **Oberholzer v. Galapo**, 322 A.3d 153 (Pa. 2024)). He argues that **Collins** does not govern a free speech challenge under the Pennsylvania Constitution because that case did not address such an argument. He contends that we should adopt the analysis expressed in the dissent to **Collins** and find that the Pennsylvania Constitution protects speech that merely shames, provokes, or offends people, and restricts the Commonwealth from criminalizing "sophomoric but otherwise harmless speech." **Id.** at 35.

Bloomer did not raise this claim in the trial court. At trial, he argued only that his speech was protected under the First Amendment. **See** N.T., 5/13/24, at 55. He made no argument below that his speech was protected under the Pennsylvania Constitution. The argument is therefore waived. **See Commonwealth v. Spone**, 305 A.3d 602, 609 (Pa.Super. 2023) (finding

First Amendment challenge to harassment conviction waived where appellant did not raise it in trial court); *Commonwealth v. Papp*, 305 A.3d 62, 71-72 (Pa.Super. 2023) (finding free speech challenge to harassment conviction under Pennsylvania Constitution waived where appellant "did not sufficiently articulate a separate state constitutional claim before the trial court"), *appeal denied*, 316 A.3d 4 (Pa. 2024), *and cert. denied sub nom. Papp v. Pennsylvania*, 145 S. Ct. 438 (2024).

Finally, Bloomer argues that the court erred in considering his having reported Hitzel to the police and CPS as proof of his intent to harass Hitzel. *See* Bloomer's Br. at 28-30. As this issue is not included in his Statement of Errors Complained of on Appeal or his Statement of Questions Involved, it is also waived. *See* Pa.R.A.P. 1925(b)(4)(vii), 2116(a).

In his second issue, Bloomer asserts that the trial court abused its discretion "by imposing a consecutive statutory maximum sentence yielding an aggregate sentence of 90 to 180 days in jail for a total of 11 minutes of non-violent verbal interaction with his neighbor over a two-day period." Bloomer's Br. at 37. Bloomer contends his sentence is disproportionate to the gravity of his conduct and therefore unduly punitive. He also argues the trial court sentenced him "out of animus for his admittedly unpolished speech," *id.* at 40, without considering Bloomer's individual characteristics, *id.* at 39-41.

Bloomer challenges discretionary aspects of his sentence. We have recently determined that we do not have jurisdiction to review the discretionary aspects of a sentence for a summary offense. *See*

***Commonwealth v. Bloomer***, 327 A.3d 1282, 1292-93 (Pa.Super. 2024), *appeal granted in part*, No. 4 MAL 2025, 2025 WL 1551555, at *1 (Table) (Pa. June 2, 2025). We therefore do not reach this issue.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/11/2025