681 A.2d 162

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**David M. BARUD, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 18, 1995.

Decided July 30, 1996.

James R. Gilmore, Pittsburgh, Jerome T. Foerster, Harrisburg, for Commonwealth.

Joseph E. Vogrin, III, Pittsburgh, for David Barud.

Joseph P. Green, Jr., West Chester, Amicus Curiae.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

### OPINION OF THE COURT

CASTILLE, Justice.

The issue presented in this appeal is whether the newly enacted Driving Under the Influence statute, 75 Pa.C.S. § 3731(a)(5), which imposes criminal penalties on individuals who have a blood alcohol content ("BAC") equal to or in excess of .10% within three hours of driving, violates the due process guarantees of the United States and Pennsylvania Constitutions. Because, § 3731(a)(5) unnecessarily encompasses both lawful and unlawful conduct; fails to provide a reasonable standard by which a person may gauge their conduct; encourages arbitrary and discriminatory enforcement; and fails to require proof that a person's BAC actually exceeded the legal limit *at the time of driving;*, we conclude that 75 Pa.C.S. § 3731(a)(5) is unconstitutional.

The facts of this case establish the following: On December 15, 1993, at approximately 2:20 a.m., Officer Szurlej of Reserve Township, Allegheny County, was monitoring traffic at the intersection of Spring Garden Avenue and Mount Troy Road when he observed appellee approach the intersection and drive his vehicle 12 to 15 feet past a stop sign before bringing the vehicle to a complete stop. Officer Szurlej followed appellee in his police cruiser for about a quarter of a mile before activating his emergency lights and pulling appellee over to the side of the road. Appellee on his own volition exited his vehicle, stumbled, and then began to walk toward Officer Szurlej. Officer Szurlej ordered appellee back to his car, approached the vehicle and observed that the vehicle's registration and inspection stickers were expired. Upon speaking with appellee, the officer noticed that appellee's speech was slurred, that his eyes were bloodshot and that he smelled strongly of alcohol. Officer Szurlej administered three field sobriety tests, all of which appellee failed.

Appellee was placed under arrest for Driving Under the Influence at 2:34 a.m. and subsequently consented to a blood test which was taken at 2:55 a.m., approximately thirty-five minutes after the stop. The test later revealed a BAC of 0.15%. After being informed of his *Miranda* rights, appellee waived his right to remain silent and informed the officer that he had consumed seven beers between the hours of 7:00 p.m. and 2:00 a.m.

The Commonwealth charged appellee with: (1) one count of driving under the influence of alcohol in violation of 75 Pa.C.S. § 3731(a)(1) (incapable of safe driving); (2) one count of driving under the influence of alcohol in violation of § 3731(a)(5), the statute at issue here; and (3) a summary offense for failing to stop at a stop sign. On May 20, 1994, appellee filed omnibus pre-trial motions, including a motion to dismiss the second count alleging that 75 Pa.C.S. § 3731(a)(5) violated the due process clause of the U.S. Constitution and Article I, Section 9 of the Pennsylvania Constitution. Following a hearing in the Court of Common Pleas of Allegheny County, the trial court issued an opinion and order granting

appellee's pre-trial motion dismissing the second count, holding that 75 Pa.C.S. § 3731(a)(5) was unconstitutional. The trial court further denied the remainder of appellee's pre-trial motions and denied the Commonwealth's motion to amend the criminal information.[1] This direct appeal followed.[2]

The issue raised in this appeal is whether § 3731(a)(5) of the Motor Vehicle Code violates the substantive due process guarantees of the United States and Pennsylvania Constitutions.[3] Appellee claims that § 3731(a)(5) violates substantive due process because it is void for vagueness and is overbroad, that it is not rationally related to the state's interest in curbing DUI offenders, and that the statute fails to provide a rebuttable presumption that the accused's BAC at the time of testing accurately reflects their BAC at the time of driving and fails to provide for an affirmative defense requiring the state to prove that the accused's BAC was at least .10% at the time of driving.

Generally, this amended driving under the influence statute, § 3731(a)(5), makes it an offense under the Motor Vehicle Code to have a BAC of .10% or greater within three hours after a person drove, operated or was in actual physical

1. On January 31, 1995, the Office of the Attorney General intervened in this matter pursuant to Pa.R.A.P. 521(b).

2. This Court accepted jurisdiction over this appeal by virtue of 42 Pa.C.S. § 722(7) which provides that this Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in cases where any statute has been held invalid as repugnant to the Constitution of the United States or the Constitution of this Commonwealth.

3. The Fifth Amendment to the United States Constitution provides in pertinent part: "No person shall ... be deprived of life, liberty, or property without due process of law...." U.S. Const. amend. V.

Article 1, § 9, of the Pennsylvania Constitution provides in relevant part: "Nor can an accused be deprived of this life, liberty, or property unless by the judgment of his peers or the law of the land." Pa. Const. art. I, § 9.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution states in part: "No State shall ... deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. XIV, § 1.

control of the movement of a motor vehicle. Section 3731(a)(5) provides in relevant part:

**§ 3731 Driving under influence of alcohol or controlled substance**

**(a) Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

\* \* \* \* \* \*

(5) if the amount of alcohol by weight in the blood of the person is 0.10% or greater at the time of a chemical test of a sample of the person's breath, blood or urine, which sample is:

(i) obtained within three hours after the person drove, operated or was in actual physical control of the vehicle. . . .

The statute also provides for a defense to charges under § 3731(a)(5) if the accused can establish by a preponderance of evidence that he or she consumed enough alcohol after the last instance in which the person drove which caused their BAC to rise above .10% at the time of testing. Section 3731(a.1) states in full:

**(a.1) Defense.**—It shall be a defense to a prosecution under subsection (a)(5) if the person proves by a preponderance of evidence that the person consumed alcohol after the last instance in which he drove, operated or was in actual physical control of the vehicle and that the amount of alcohol by weight in his blood would not have exceeded 0.10% at the time of the test but for such consumption.

75 Pa.C.S. § 3731(a)(5).

At the outset, we note that it is evident that § 3731(a)(5) was enacted in response to this Court's decisions in *Commonwealth v. Jarman*, 529 Pa. 92, 601 A.2d 1229 (1992) and *Commonwealth v. Modaffare*, 529 Pa. 101, 601 A.2d 1233 (1992), in which this Court found that there was insufficient evidence to sustain the defendants' convictions for operating a motor vehicle with a BAC of .10% or greater in violation of 75 Pa.C.S. § 3731(a)(4) (BAC of .10% or greater) of the Motor

Vehicle Code.[4] In both *Jarman* and *Modaffare*, which were decided on the same day, the defendants were arrested for driving while under the influence of alcohol and were subsequently transported to area hospitals for the administration of a blood test. Jarman's blood test, which was taken approximately one hour after he was stopped, revealed a BAC of .114%. *Jarman*, 529 Pa. at 94, 601 A.2d at 1229. Modaffare revealed a BAC of .108% approximately one hour and fifty minutes after he was stopped. *Modaffare*, 529 Pa. at 103, 601 A.2d at 1234. At trial, the Commonwealth's expert witnesses testified that the defendants' BAC may not have peaked until after the defendants had operated their motor vehicles since a person's blood alcohol level steadily rises after drinking until a peak is reached some 60 to 90 minutes after the drinking has ceased. *Jarman*, 529 Pa. at 96, 601 A.2d at 1231; *Modaffare*, 529 Pa. at 105, 601 A.2d at 1234. *See also, Commonwealth v. Gonzalez*, 519 Pa. 116, 130, 546 A.2d 26, 33 (1988) ("[g]enerally, it takes from 30 to 90 minutes for alcohol to be fully absorbed and reach its peak level") (citation omitted). This Court concluded that because: (1) there was a significant delay between the time the defendants were stopped and the time that their BAC was tested and (2) that the blood test revealed that the defendants' BAC only minimally exceeded .10% at the time of testing, the evidence was insufficient to prove that the defendants' BAC was equal to or greater than .10% at the time of driving. *Jarman*, 529 Pa. at 97, 601 A.2d at 1231; *Modaffare*, 529 Pa. at 106–07, 601 A.2d at 1236. Subsequent to this Court's decisions in *Jarman* and *Modaffare*, this Court held that where a person's blood alcohol test reveals levels of alcohol significantly above the legal threshold (.10%) and where there was a not a significant lapse of time between the time when the driver was stopped and when the

4. The legislative history behind the enactment of § 3731(a)(5) provides:
The SPEAKER. On that question, the Chair recognizes Mr. Blaum.
MR. BLAUM. Thank you, Mr. Speaker.
Mr. Speaker, this is an agreed-to amendment which will correct some court cases which the Supreme Court has handed down which have damaged the DUI (driving under the influence) and underage drinking laws of Pennsylvania.
House Legislative Journal, 11/17/92, House Bill 355, page 1853.

blood test was administered, the Commonwealth was not required to present expert testimony to prove that a driver operated a vehicle with a BAC of .10% or greater. *Commonwealth v. Yarger,* 538 Pa. 329, 648 A.2d 529 (1994). *See also Commonwealth v. Loeper,* 541 Pa. 393, 663 A.2d 669 (1995) (holding that where evidence is insufficient to support a conviction under § 3731(a)(4) (BAC of .10% or greater) and defendant has not also been charged with violating § 3731(a)(1) (incapable of safe driving), additional evidence of the defendant's alleged intoxication is not relevant to determining whether defendant violated (a)(4)).

 With the preceding case law in mind, we begin our analysis by recognizing that there is a strong presumption in the law that legislative enactments do not violate the constitution. *Commonwealth v. Mikulan,* 504 Pa. 244, 247, 470 A.2d 1339, 1340 (1983); *Snider v. Thornburgh,* 496 Pa. 159, 166, 436 A.2d 593, 596 (1981). Moreover, there is a heavy burden of persuasion upon one who challenges the constitutionality of a statute. *Commonwealth v. Mikulan, supra.* While penal statutes are to be strictly construed, the courts are not required to give the words of a criminal statute their narrowest meaning or disregard the evident legislative intent of the statute. *Commonwealth v. Wooten,* 519 Pa. 45, 53, 545 A.2d 876, 880 (1988). A statute, therefore, will only be found unconstitutional if it "clearly, palpably and plainly" violates the constitution. *Commonwealth v. Mikulan, supra.*

## I. *Void for Vagueness and Overbreadth*

 Appellee contends that § 3731(a)(5) is void for vagueness and overbreadth. "As generally stated, the void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Mikulan, supra* at 251, 470 A.2d at 1342, *quoting, Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). *See Commonwealth v. Burt,* 490 Pa. 173, 177–78, 415 A.2d 89, 91 (1980), *quoting,*

*Colautti v. Franklin,* 439 U.S. 379, 390, 99 S.Ct. 675, 683, 58 L.Ed.2d 596 (1979) (a statute is void for vagueness if it " 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute' "). Due process requirements are satisfied if the statute provides reasonable standards by which a person may gauge their future conduct. *Commonwealth v. Heinbaugh,* 467 Pa. 1, 6, 354 A.2d 244, 246 (1976), *citing, United States v. Powell,* 423 U.S. 87, 94, 96 S.Ct. 316, 320–21, 46 L.Ed.2d 228 (1975).

■ A statute is "overbroad" if by its reach it punishes constitutionally protected activity as well as illegal activity. *Grayned v. City of Rockford,* 408 U.S. 104, 114, 92 S.Ct. 2294, 2302, 33 L.Ed.2d 222 (1972); *Commonwealth v. Stenhach,* 356 Pa.Super. 5, 25, 514 A.2d 114, 124 (1986), *appeal denied,* 517 Pa. 589, 534 A.2d 769 (1987). The language of the statute in question literally encompasses a variety of protected lawful conduct. *Id. See Adler v. Montefiore Hospital Association of Western Pennsylvania,* 453 Pa. 60, 311 A.2d 634 (1973), *cert. denied,* 414 U.S. 1131, 94 S.Ct. 870, 38 L.Ed.2d 755 (1974), *quoting, NAACP v. Alabama,* 377 U.S. 288, 307, 84 S.Ct. 1302, 1314, 12 L.Ed.2d 325 (1969) (" 'a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms.' ") (citations omitted).

■ We conclude that § 3731(a)(5) is void for vagueness and overbreadth. First, without requiring any proof that the person actually exceeded the legal limit of .10% at the time of driving, the statute sweeps unnecessarily broadly into activity which has not been declared unlawful in this Commonwealth, that is, operating a motor vehicle with a BAC below .10%. If, for example, a person was operating a motor vehicle with a BAC below the legal limit and he were pulled over at that time, the evidence could not sustain a charge for driving under the influence as determined by a blood alcohol test since his BAC was under the legal limit. However, if that same person's BAC rises above .10% within three hours after driv-

ing, he may now be prosecuted for driving under the influence of alcohol under the amendment to the statute in question since the statute eliminates the requirement that the Commonwealth must establish that the accused actually exceeded the legal BAC limit at the time of actual operation of the vehicle.

Second, the amendment has the effect of creating significant confusion as to exactly what level of alcohol in the blood is prohibited under the Motor Vehicle Code. Prior to the amendment, the Motor Vehicle Code provided for a bright line rule whereby a person could be prosecuted for operating a vehicle with a BAC of .10% or greater. *See* § 3731(a)(4). The current version, however, could actually be interpreted as creating two circumstances in which a person could be prosecuted: either where a person had an actual BAC of .10% at the time of driving (under § 3731(a)(4)), or where a person has a BAC which is *somewhere* below .10% at the time of driving but which rises above .10% within three hours after driving (under § 3731(a)(5)). Clearly, this does not provide a reasonable standard by which an ordinary person may contemplate their future conduct. As the learned trial court below pointed out, "How is a citizen to know when their lawful action (drinking and driving) ripens into criminal conduct? How can one predict when and whether a 0.10% alcohol level will be reached within three hours of driving?" *Commonwealth v. Barud,* 143 P.L.J. 7 (1995).

Indeed, the most glaring deficiency of § 3731(a)(5) is that the statute completely fails to require any proof that the accused's blood alcohol level actually exceeded the legal limit *at the time of driving.* Rather, the statute criminalizes a blood alcohol level in excess of the legal limit up to three hours *after* the last instance in which the person operated a motor vehicle and without any regard for the level of intoxication at the time of operation. Thus, a person may be prosecuted under § 3731(a)(5) even though his or her blood alcohol level did not actually rise above the legal limit of .10% until *after* the last instance in which he or she drove.

The Commonwealth argues that this statute should be upheld on the basis that it provides a mechanism for an individual to rebut the presumption that they were operating a vehicle while below the legal limit of .10% BAC. While it is clear that the intent of the amendment was to cure those instances in which a persons' BAC barely exceeded the legal limit at the time of testing, the statute fails to provide for any mechanism, as do many other jurisdictions, whereby the accused may either: (1) rebut the state's presumption that their BAC at the time of testing accurately reflected their BAC at the time of driving or (2) produce competent evidence that he or she was below the legal limit at the time of driving (other than consumption after the fact) thereby requiring the Commonwealth to prove beyond a reasonable doubt that the defendant's BAC exceeded the legal limit at the time of driving. As currently enacted, however, the statute does not even require any proof that the person had a BAC above the legal limit at the time of driving, thereby criminalizing conduct which has not been declared criminal by the legislature.[5]

In the instant matter, § 3731(a)(5) imposes absolute liability on the accused regardless of any evidence to the contrary.[6]

5. We note that appellee also contends that 75 Pa.C.S. § 3731(a)(5) violates the equal protection guarantees of both the United States Constitution and the Pennsylvania Constitution. In examining an equal protection claim, we must first examine the threshold question of whether the statute actually creates a classification. *McCusker v. WCAB (Rushton Mining Co.)*, 536 Pa. 380, 385, 639 A.2d 776, 778 (1994); *Commonwealth v. Parker White Metal Co.*, 512 Pa. 74, 84, 515 A.2d 1358, 1363 (1986). Here, appellee fails to demonstrate what classifications the statute creates or what group of persons receive disparate treatment under the statute. Accordingly, no equal protection analysis is warranted.

6. The only exception being that under § 3731(a.1), the defendant may attempt to prove by a preponderance of the evidence that he or she did not consume alcohol until *after* he or she last drove. *Compare* Cal.Vehicle Code § 23152(b) ("it is a rebuttable presumption that the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of driving the vehicle if the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of the performance of a chemical test within three hours after the driving"); Conn.Gen. Stat. § 14–227a(c)(6) (presumption that chemical analysis established the ratio of alcohol in the blood of the defendant at the time of offense may by rebuted); Ind.Code § 9–30–6–15 ("the trier of fact shall pre-

Thus, as enacted, the statute precludes the admission of competent evidence that an accused's BAC was actually below the legal limit *at the time of driving*. This is a result we cannot uphold. *See Jarman, supra; Modaffare, supra.*

Accordingly, because we find that § 3731(a)(5) clearly, palpably and plainly violates both the Constitutions of the United States and of this Commonwealth, the order of the trial court is hereby affirmed.

MONTEMURO, J., did not participate in the decision of this case.

sume that the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in their person's blood at the time the person operated the vehicle. However, this presumption is rebuttable."); Ariz.Rev.Stat.Ann. § 28–692(B) (it is an affirmative defense to a charge of having a BAC of .10% or more within two hours of driving if the defendant produces some credible evidence that his BAC at the time of driving was below .10%); S.C.Code Ann § 56–5–2950(b)(3) ("[i]f there was at the time [.10%] or more by weight of alcohol in the person's blood, *it may be inferred* that the person was under the influence of alcohol. The provisions of this section should not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether or not the person was under the influence of alcohol ...") (emphasis added); Wis.Stat. § 885.235 (provisions relating to the admissibility of chemical test for alcohol content shall not be construed as limiting the introduction of any other competent evidence). *See also People v. Mertz,* 68 N.Y.2d 136, 146, 506 N.Y.S.2d 290, 295, 497 N.E.2d 657, 662 (1986) (concluding that under *per se* statute, proof of BAC of .10% or more within two hours after arrest establishes *prima facie* evidence of driving under the influence which together with other evidence of intoxication is sufficient to sustain a conviction, absent evidence from which the trier of fact could conclude that the defendant was under .10% at the time of driving such as expert testimony).