COMMONWEALTH of Pennsylvania, Appellee

v.

Joseph Alan MORRISON, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 22, 2005.
Filed Sept. 27, 2007.

Frank C. Arcuri, York, for appellant.

Karen E. Comery, Asst. Dist. Atty., York, for Com., appellee.

BEFORE: TODD, GANTMAN, and DANIELS, JJ.

OPINION BY TODD, J.:

¶ 1 Joseph Alan Morrison appeals the judgment of sentence imposed by the York County Court of Common Pleas after he was convicted of driving under the influence of alcohol ("DUI"), 75 Pa.C.S.A. §§ 3802(a)(1) and (c). We affirm.

¶ 2 The trial court summarized the facts of the instant case as follows:

On February 29, 2004 at approximately 3:44 a.m., a patrolman observed erratic driving in the area of the Haines Acres Shopping Center in Springettsbury Township. The subject vehicle turned onto Raleigh Drive without stopping at the Center exit in the path of the officer.

The officer stopped the vehicle and informed the driver, Morrison, that his vehicle had encroached upon the officer's lane of travel, causing an unsafe maneuver or improper driving. The officer detected a strong odor of alcohol on Morrison's breath, and noticed that Morrison's eyes were bloodshot and glassy. Upon exiting his vehicle, Morrison exhibited coordination difficulty, but remained on his feet. Morrison accounted for his lack of coordination by offering that he suffered from a form of muscular dystrophy. A blood test drawn at Memorial Hospital at 4:26 a.m. measured Morrison's BAC as 0.225 percent.

(Trial Court Opinion, 3/15/05, at 2–3.)

¶ 3 Prior to trial, Appellant filed a motion to dismiss, arguing that Section 3802 is unconstitutional. Following a hearing, the trial court denied the motion, and Appellant subsequently was convicted at a bench trial. He was sentenced to 90 days to 5 years incarceration, plus a $1,500 fine and costs. In this appeal, Appellant asks this Court to consider whether Section 3802(c) violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution

because its definition of prohibited conduct is so vague and overbroad that an ordinary citizen may not be able to differentiate between lawful and unlawful acts and the two hour time period prescribed in Section C does not require definitive proof of an individual's actual BAC at the time of operation of a motor vehicle?

(Appellant's Brief at 4.) [1]

¶ 4 Section 3802, titled "Driving under influence of alcohol or controlled substance," provides, in relevant part:

(a) **General impairment.—**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of al-

---

**1.** Although at times Appellant refers in his brief to Section 3802 as a whole, fundamentally he does not challenge the constitutionality of Section 3802(a)(1).

cohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

    (2) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

**(b) High rate of alcohol.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

**Highest rate of alcohol.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)-(c) (enacted September 30, 2003 and effective February 1, 2004).

■ ¶ 5 Appellant asserts that Section 3802(c) is unconstitutionally vague and overbroad because it "fails to outline at what point, if ever, an individual is permitted to resume driving. Thus it encompasses both lawful and unlawful conduct, fails to provide a reasonable standard by which a person may gauge his/her conduct and encourages arbitrary and discriminatory enforcement." (Appellant's Brief at 9.) He further argues that the statute "fails to specify that Appellant[']s BAC be above .16% at the time he was driving in order for him to be exposed to increased penalties." (*Id.* at 10).[2] To support his argument that Section 3802(c) is both overly broad and vague, Appellant relies on our Supreme Court's decision in *Commonwealth v. Barud*, 545 Pa. 297, 681 A.2d 162 (1996).

¶ 6 In *Barud*, the appellant challenged the constitutionality of Pennsylvania's former drunk driving statute, 75 Pa.C.S.A. § 3731, for the precise reasons upon which Appellant challenges the constitutionality of the current statute. That statute provided, in relevant part:

**§ 3731. Driving under influence of alcohol or controlled substance**

    **(a) Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

        (1) while under the influence of alcohol to a degree which renders the person incapable of safe driving;

* * *

        (4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater; or

        (5) if the amount of alcohol by weight in the blood of the person is 0.10% or greater at the time of a chemical test of a sample of the

---

2. We note that Appellant at times appears to conflate the doctrines of vagueness and overbreadth. Nevertheless, we will consider the appropriate doctrines as they apply to his specific arguments.

person's breath, blood or urine, which sample is:

(i) obtained within three hours after the person drove, operated or was in actual physical control of the vehicle; or

(ii) if the circumstances of the incident prevent collecting the sample within three hours, obtained within a reasonable additional time after the person drove, operated or was in actual physical control of the vehicle.

75 Pa.C.S.A. § 3731(a) (repealed 2003).

¶ 7 Our Supreme Court determined that the statute was, in fact, unconstitutionally overbroad and vague, because

without requiring any proof that the person actually exceeded the legal limit of .10% at the time of driving, the statute sweeps unnecessarily broadly into activity which has not been declared unlawful in this Commonwealth, that is, operating a motor vehicle with a BAC below .10%. If, for example, a person was operating a motor vehicle with a BAC below the legal limit and he were pulled over at that time, the evidence could not sustain a charge for driving under the influence as determined by a blood alcohol test since his BAC was under the legal limit. However, if that same person's BAC rises above .10% within three hours after driving, he may now be prosecuted for driving under the influence of alcohol under the amendment to the statute in question since the statute eliminates the requirement that the Commonwealth must establish that the accused actually exceeded the legal BAC limit at the time of actual operation of the vehicle.

*Id.* at 305–06, 681 A.2d at 166. The Court further determined that the statute had "the effect of creating significant confusion as to exactly what level of alcohol in the blood is prohibited under the Motor Vehicle Code," because the statute

could actually be interpreted as creating two circumstances in which a person could be prosecuted: either where a person had an actual BAC of .10% at the time of driving ..., or where a person has a BAC which is somewhere below .10% at the time of driving but which rises above .10% within three hours after driving.

*Id.* at 306, 681 A.2d at 166.

¶ 8 Finally, the Court concluded that

the most glaring deficiency of § 3731(a)(5) is that the statute completely fails to require any proof that the accused's blood alcohol level actually exceeded the legal limit *at the time of driving*. Rather, the statute criminalizes a blood alcohol level in excess of the legal limit up to three hours *after* the last instance in which the person operated a motor vehicle and without any regard for the level of intoxication at the time of operation. Thus, a person may be prosecuted under § 3731(a)(5) even though his or her blood alcohol did not actually rise above the legal limit of .10% until *after* the last instance in which he or she drove.

*Id.* at 306, 681 A.2d at 166 (emphasis original).

¶ 9 Recently, however, our Supreme Court, in *Commonwealth v. Duda*, 592 Pa. 164, 923 A.2d 1138 (2007), considered the constitutionality of Section 3802 of Pennsylvania's amended DUI statute. The appellee in *Duda* pled not guilty to violations of Section 3802(a)(1) and (a)(2), and thereafter filed a pre-trial motion wherein he argued that subsection (a)(2) was unconstitutionally vague and overbroad. The trial court agreed, relying heavily on *Barud*. On appeal by the Commonwealth, our Su-

preme Court found the trial court's reliance on *Barud* misplaced, first noting that *Barud's* holding was premised upon its interpretation of the legislative purpose underlying Section 3731(a)(5) in the historical context in which that amendment arose. The Court regarded the central aim of the provision as providing an alternate means to convict an accused predicated on the conduct criminalized by Section 3731(a) as a whole, that is, driving while under the influence.

*Id.* at 1145.

¶ 10 The Court in *Duda* then explained: The present matter differs in that Section 3802 is not simply an amendment to an existing DUI law intended to provide an alternate means of conviction for the offense as substantively defined in the pre-amendment time frame, but instead represents a wholesale re-drafting of the DUI law reflecting a redefinition of the offense.... Section 3802(a) represents a legislative enlargement of the prohibited conduct so that it is now unlawful, not only to drive while under the influence, *see* 75 Pa.C.S. § 3802(a)(1), but also to ingest a substantial amount of alcohol and then operate a motor vehicle before the alcohol is dissipated to below a defined threshold (here, 0.08 percent), regardless of the level of absorption into the bloodstream at the actual moment of driving. That this is so is evident from the plain text of subsection (a)(2), ... which defines the offense to include two elements: that the individual drove after drinking alcohol, and that the amount of alcohol ingested *before* driving was enough to cause the individual's BAC level to be at least 0.08 percent and below 0.10 percent within two hours *after* driving.... It thus follows that Section 3802(a)(2) should not have been invalidated by application of *Barud's* reasoning.

*Id.* at 1147 (footnote omitted). Accordingly, we reject Appellant's argument that our Supreme Court's decision in *Barud* is controlling.

¶ 11 However, like the Court in *Duda*, we must still address Appellant's vagueness and overbreadth arguments to the degree that they are independent of his reliance on *Barud*. *See Duda*, 923 A.2d at 1147. The *Duda* Court recognized that, in undertaking such an assessment, "we bear in mind that every Pennsylvania statute is presumed valid and will not be declared unconstitutional unless the party challenging it carries a 'heavy burden of persuasion' to demonstrate that the statute 'clearly, palpably, and plainly violates the Constitution.'" *Id.* (citation omitted).

¶ 12 The "due process void-for-vagueness doctrine 'requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *Id.* (citations omitted). Appellant argues that Section 3802(c) is unconstitutionally vague because it fails to specify that a driver's BAC be above .16% at the time of driving in order to be subject to enhanced penalties; fails to specify when an individual is permitted to resume driving; and encourages arbitrary and discriminatory enforcement. We disagree.

¶ 13 In addressing a similar argument by the appellee in *Duda*, namely, that under the statute "it is unclear when the crime occurs-at the time of drinking, driving, or BAC testing," our Supreme Court explained:

Although the enactment under review does allow for a delay between driving and breath or blood testing, a close examination of the statute's text reveals that the offense occurs when the person

drives after drinking a substantial quantity of alcohol. As set forth above, Section 3802(a)(2) states that an individual "may not drive" a car "after imbibing" enough alcohol "such that" he has a BAC level of at least 0.08 percent and less than 0.10 percent within two hours after driving. Hence, as noted, *the actus reus is the act of driving after drinking a sufficient amount of alcohol, where a sufficient amount of alcohol, for present purposes, is that quantity which will cause the person's BAC level to reach the statutorily prohibited range within two hours after driving, regardless of the actor's BAC level at the actual time of driving.* Although the offense is defined by reference to a BAC measurement taken some time after driving, the prohibited conduct is drinking excessively and then driving.

*Id.* at 1148 (emphasis added and citation omitted). The Court concluded that "statutes that prohibit driving after drinking by reference to a threshold BAC level are not unconstitutionally vague," and "[t]his conclusion of non-vagueness is not altered merely because the Legislature has moved the specific BAC threshold from the moment of driving to any time within a defined interval after driving." *Id.*

¶ 14 Although Duda challenged subsection (a)(2) of Section 3802, which prohibits an individual from driving after imbibing a sufficient amount of alcohol such that his BAC is between .08 and .10 percent within two hours after driving, and Appellant herein challenges subsection (c), which prohibits an individual from driving after imbibing a sufficient amount of alcohol such that his BAC is between .16 percent or higher within two hours after driving, the language of the subsections is otherwise the same. *See Commonwealth v. Finchio,* 592 Pa. 577, 926 A.2d 968 (2007) (holding that difference in statutory BAC threshold is immaterial to analysis employed in *Duda* ). The Court in *Duda*

rejected the appellee's assertion that Section 3802(a)(2) was unconstitutionally vague, emphasizing that Section 3802 proscribes "the act of driving after drinking a sufficient amount of alcohol, where a sufficient amount of alcohol, for present purposes, is that quantity which will cause the person's BAC level to reach the statutorily prohibited range within two hours after driving, regardless of the actor's BAC level at the actual time of driving." *Duda,* 923 A.2d at 1148. We likewise reject Appellant's claim that Section 3802(c) is unconstitutionally vague because subsection (c) does not specify that an individual's BAC be above .16% at the time he was driving to be subject to the increased penalties thereunder, and because it does not specify when an individual may resume driving; as the *Duda* Court stated, "the prohibited conduct [under Section 3802] is *drinking excessively and then driving."* *Id.* (emphasis added).

¶ 15 To the extent that Appellant also challenges the constitutionality of Section 3802(c) on the ground that it is overbroad because it fails to outline at what point an individual may resume driving, thereby encompassing "both lawful and unlawful conduct" (Appellant's Brief at 9), we note that

[s]trictly speaking, unconstitutional overbreadth only pertains relative to First Amendment free speech concerns. However, the term is sometimes used in non-speech cases to mean that the challenged statute either sweeps excessively broadly so as to be beyond the state's legitimate police powers, and/or by criminalizing a significant amount of constitutionally protected activity, or is arbitrary and capricious because it leads to the imposition of punishment bearing little relation to any legitimate governmental interest.

*Duda,* 923 A.2d at 1150 (citations omitted).

¶ 16 Nevertheless, in *Duda,* the Court rejected the appellee's argument that Sec-

tion 3802(a)(2) is overly broad, noting that it is indisputable that the state has a valid interest in curbing alcohol-related roadway accidents, that there is no constitutional right to drink and then drive while the alcohol is still in one's system, and that the classification drawn by the Legislature in Section 3802(a)(2) survives rational-basis scrutiny. *Duda*, 923 A.2d at 1150, 1152. Subsequent to its decision in *Duda*, our Supreme Court, in *Finchio*, *supra*, specifically held that Section 3802(c) is not overbroad. Thus, Appellant's challenge to the constitutionality of Section 3802(c) on the basis that it is overbroad also fails.

¶ 17 For all of the foregoing reasons, we affirm Appellant's judgment of sentence.

¶ 18 Judgment of sentence AF-FIRMED.