A.2d 968 (2007). The Commonwealth's petition for an immediate remand is dismissed as moot.

Commonwealth's petition for an immediate remand is dismissed as moot.

■

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Sean Flanagan DEASY, Appellee.**

Supreme Court of Pennsylvania.

Nov. 21, 2007.

■

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Carole Lynn ENGLISH, Appellee.**

Supreme Court of Pennsylvania.

Nov. 21, 2007.

*ORDER*

PER CURIAM.

**AND NOW,** this 21st day of November, 2007, the order of the Allegheny County Court of Common Pleas is reversed insofar as it declared Section 3802 of the Vehicle Code, 75 Pa.C.S. § 3802, unconstitutional, and the case is remanded for further proceedings. This Court upheld the constitutionality of Sections 3802(a)(2) and 3802(c) in *Commonwealth v. Duda,* 592 Pa. 164, 923 A.2d 1138 (2007), and *Commonwealth v. Finchio,* 592 Pa. 577, 926 A.2d 968 (2007), respectively. Although Appellee was charged under Section 3802(b), this Court explained in *Finchio* that "[t]he difference in the statutory BAC threshold is immaterial to the analysis employed in *Duda." Finchio,* 926 A.2d at 971. The

*ORDER*

PER CURIAM.

**AND NOW,** this 21st day of November, 2007, the order of the Allegheny County Court of Common Pleas is reversed insofar as it declared Section 3802 of the Vehicle Code, 75 Pa.C.S. § 3802, unconstitutional, and the case is remanded for further proceedings. This Court upheld the constitutionality of Sections 3802(a)(2) and 3802(c) in *Commonwealth v. Duda,* 592 Pa. 164, 923 A.2d 1138 (2007), and *Commonwealth v. Finchio,* 592 Pa. 577, 926 A.2d 968 (2007), respectively. Although Appellee was charged under Section 3802(b), this Court explained in *Finchio* that "[t]he difference in the statutory BAC threshold is immaterial to the analysis employed in *Duda." Finchio,* 926 A.2d at 971. The

Commonwealth's petition for an immediate remand is dismissed as moot.

Harold HERRSCHAFT, Appellant,

v.

DEPARTMENT OF CORRECTIONS, Appellee.

Supreme Court of Pennsylvania.

Nov. 21, 2007.

### ORDER

PER CURIAM.

**AND NOW,** this 21st day of November, 2007, the order of the Commonwealth Court is VACATED, and the matter is remanded for further proceedings. The order under review initially observes that the Department may rely on a court order reflecting fines, costs, and restitution in implementing 42 Pa.C.S. § 9728, but then merely recites that the Department relied on a "communication" from the trial court (or more properly, the clerk of courts) indicating outstanding obligations. Such commentary was insufficient to support the award of summary relief.

We offer no opinion concerning the disposition of the petition for review on any other or related ground.

Jurisdiction is relinquished.

■

Terry H. JONES, Gerard Maskins, John Hughes, Jr., Madelyn Hughes, Ronald Kaiser, Patricia Kaiser, Charles Kinsman, Edward Johnson, Betsy Johnson, Carl Karaska, and Lori Karaska, Jointly and Severally, Appellees,

v.

COUNCIL FOR the BOROUGH OF NUANGOLA and John J. Kochan, Jointly and Severally, Appellants.

Supreme Court of Pennsylvania.

Nov. 21, 2007.

### ORDER

PER CURIAM.

**AND NOW,** this 21st day of November, 2007, the orders of the Luzerne County Court of Common Pleas dated April 5, 2007, April 13, 2007, and May 3, 2007 are reversed based upon Appellees' lack of standing to bring an action in *quo warranto*. *See Commonwealth ex rel. Judicial Conduct Bd. v. Griffin,* 591 Pa. 351, 918 A.2d 87, 93 (2007) (holding that standing to pursue a *quo warranto* action is limited to public entities such as the Attorney General or the local district attorney, with the exception that private individuals may have standing if specially damaged or able to demonstrate an interest beyond that shared by the citizens of the municipality).