J-S28042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY SCOTT WARKE | : | |
| | : | |
| Appellant | : | No. 1506 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 26, 2019
in the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0001116-2019

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                     **FILED AUGUST 07, 2020**

Jeffrey Scott Warke ("Warke") appeals from the judgment of sentence entered following his conviction of illegally operating a motor vehicle not equipped with an ignition interlock device, and the summary offenses of registration of snowmobile or all-terrain vehicle ("ATV"), liability insurance, and operation on streets and highways.[1]  We affirm.

On April 27, 2019, Pennsylvania State Police Trooper Joseph J. Aponick ("Trooper Aponick") was on patrol in a marked police cruiser.  As he drove on State Route 339 toward Brandonville, Trooper Aponick observed Warke riding toward him on an ATV.  Warke operated the ATV with two wheels on the highway, and two wheels on the berm of the highway.  Trooper Aponick

_____

[1] **See** 75 Pa.C.S.A. §§ 3808(a)(1), 1711.1(a)(1), 7730(a), 7721(a).

activated his lights and stopped Warke's vehicle. Upon investigation, Aponick discovered that Warke's ATV was not registered; a required ignition interlock device was not installed on the ATV; and Warke did not have liability insurance covering the ATV. Officer Aponick was thereafter dispatched on another call.

On July 29, 2019, the Commonwealth filed a Criminal Information charging Warke with the above-described offenses. Following a bench trial, the trial court convicted Warke of all charges. On August 26, 2019, the trial court sentenced Warke to 30-60 days in jail for his conviction of operating a motor vehicle without an ignition interlock device, plus fines, fees, and costs for his remaining convictions. Warke filed a post-sentence Motion to modify his sentence, which the trial court denied.[2] Thereafter, Warke filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Warke presents the following claim for our review: "Is the Ignition Interlock Law, 75 Pa.C.S.A. § 3805, unconstitutional?" Brief for Appellant at 4.

As this Court has explained,

[w]hen an appellant challenges the constitutionality of a statute, [he] presents this Court with a question of law. Our consideration of questions of law is plenary. A statute is presumed to be constitutional and will not be declared unconstitutional unless it

_____

[2] Warke also filed a post-sentence Motion requesting that the trial court amend its sentence to allow for intermediate punishment. The trial court denied Warke's Motion. However, on October 7, 2019, the trial court amended its sentence to delay incarceration until after Warke's direct appeal is resolved.

clearly, palpably, and plainly violates the constitution. Thus, the party challenging the constitutionality of a statute has a heavy burden of persuasion.

*Commonwealth v. Howe*, 842 A.2d 436, 441 (Pa. Super. 2004).

Warke claims Section 3805 of the Motor Vehicle Code[3] arbitrarily establishes a classification of individuals based upon how many vehicles they owned. Brief for Appellant at 12. Warke argues that "[t]reating offenders differently[,] based upon the number of vehicles owned by each[,] creates an arbitrary classification which does not bear a fair and substantial relationship to the object of the legislation." *Id.* According to Warke, "to require the offender to actually own a vehicle that is equipped with the device in order to secure a restricted license bears no reasonable relationship to the object of the legislation." *Id.* at 13.

Warke additionally argues that the classification is arbitrary and overbroad. *Id.* Warke posits that an offender in a household where all vehicles are leased, or owned by another family member, is prohibited from obtaining a restricted license, "even if the owner of the vehicle is willing to allow it to be equipped with an ignition interlock device." *Id.* According to Warke, "[l]imiting multiple DUI offenders following a one-year license suspension to a restricted license during a second year that prohibits them

---

[3] Warke generally refers to Act 63 of 2000 ("Act 63"), 42 Pa.C.S.A. §§ 7001-7003. However, Warke specifically takes issue with section 3805 of the Motor Vehicle Code, which required him to have an ignition interlock device installed on any motor vehicle owned by him.

from operating a motor vehicle unless it is equipped with an ignition interlock device would be sufficient to accomplish the goal of the legislation." *Id.* at 14. Warke asserts that, by adding the requirement that the offender actually own a vehicle, "and that every vehicle owned by the offender be equipped with the device, is arbitrary, unreasonable, and therefore unconstitutional." *Id.* In short, Warke argues that the following classes of people are treated differently by the statute: (a) leaseholders versus owners of vehicles; (b) drivers subject to supervision, whereby a certification of compliance could be made, versus unsupervised drivers; and (c) owners versus operators of vehicles (*i.e.*, requiring an ignition interlock device to be installed on all vehicles owned by the offenders as opposed to the vehicles actually driven by the offender). *Id.* at 15-17.

Warke also asserts that multiple DUI offenders, following a one-year-license suspension, are limited to a restricted license that prohibits them from operating a motor vehicle, unless it is equipped with an ignition interlock device. *Id.* at 17. However, the legislation unnecessarily requires that the offender actually *own* a vehicle, and that every vehicle owned by the offender be equipped with the device. *Id.* Warke contends that this requirement is arbitrary, unreasonable, and unconstitutional. *Id.*

As our Supreme Court has explained, "the constitutionality of a statute is a pure question of law, our standard of review is *de novo* and our scope of

review is plenary." ***Commonwealth v. Omar***, 981 A.2d 179, 185 (Pa. 2009) (citation omitted).

Before addressing the constitutional issues raised by Warke, we first must ascertain whether they were preserved for appellate review. Our review of the record discloses that Warke preserved the following claims for appellate review:

> An ATV cannot be equipped with an ignition interlock system. A motorcycle cannot be equipped with an ignition interlock system. Therefore, a defendant cannot own a motorcycle or ATV and have his operating privileges allowed for *any* motor vehicle, including those equipped with an ignition interlock system.
>
> **Therefore, these statutes unconstitutionally deprive a defendant of property without due process of law.**
>
> **Statute is overbroad and unenforceable.**

Concise Statement, 10/21/19 (emphasis added).

Warke's Pa.R.A.P. 1925(b) Concise Statement does not preserve a constitutional challenge based upon the Equal Protection Clause of the United States or Pennsylvania Constitutions. ***See id.*** Our review further discloses that the trial court did not address this claim in its Opinion. Accordingly, Warke's equal protection claim is waived. ***See*** Pa.R.A.P. 302(a) (stating that an issued cannot be raised for the first time on appeal); Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in the concise statement are waived); ***Commonwealth v. Rolan***, 964 A.2d 398, 409 (Pa. Super. 2008) (citations omitted) (stating "[w]here the trial court orders an [a]ppellant to file a concise statement of matters complained of on appeal

under Pa.R.A.P. 1925, any issue not contained in that statement is waived on appeal.").

In its Opinion, the trial court addressed Warke's challenge to the statute as overbroad, and concluded that it lacks merit. **See** Trial Court Opinion, 12/19/19, at 5-6. We agree with and affirm on the basis of the trial court's Opinion with regard to this claim.[4] **See id.**

Judgment of sentence affirmed.

Judge Olson joins the memorandum.

Judge Bowes concurs in the result.

---

[4] We additionally observe the following. Every Pennsylvania statute is presumed valid and will not be declared unconstitutional unless the party challenging it carries a heavy burden of persuasion to demonstrate that the statute clearly, palpably, and plainly violates the Constitution. **Commonwealth v. Morrison**, 934 A.2d 709, 713 (Pa. Super. 2007). Our Supreme Court has explained that "[a] statute is 'overbroad' if by its reach it punishes constitutionally protected activity[,] as well as illegal activity." **Commonwealth v. Barud**, 681 A.2d 162, 165 (Pa. 1996). If it does not reach both categories of activity, "then the overbreadth challenge must fail." **Commonwealth v. Costa**, 861 A.2d 358, 362 (Pa. Super. 2004). The Pennsylvania Supreme Court has clearly held that driving is not a right, but instead is a privilege which may be enjoyed only by those who comply with the requirements of the laws related thereto. **Alexander v. DOT, Bureau of Driver Licensing**, 880 A.2d 552, 561 (Pa. 2005). Here, Warke does not clearly, palpably, and plainly demonstrate that the statute punishes a constitutionally-protected activity.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/07/2020

**COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY**
**CRIMINAL DIVISION**

COMMONWEALTH OF : No. 1116-2019
PENNSYLVANIA :
:
v. :
:
JEFFREY S. WARKE, :
        Defendant :

A. McCall Young, Esquire– for the Commonwealth
Kent D. Watkins, Esquire – for the Defendant

**OPINION OF COURT**

MILLER, J.

Defendant, Jeffrey S. Warke, hereinafter "Appellant" has appealed our

August 26, 2019 sentencing order imposed after non-jury bench trial. The

appeal concerns Count 1: Illegally Operating a Motor Vehicle Not Equipped

with an Ignition Interlock Device pursuant to **75 Pa. C.S.A. §3808(a)(1)**, a

Misdemeanor. Counts 2, 3 and 4 are Summary Offenses which have not been

complained of on appeal. This Court conducted the non-jury bench trial on

August 26, 2019. We found the Defendant guilty of all four (4) Counts. The

latter three (3) Counts are summary violations of the Motor Vehicle Code as

follows: Count 2: Registration of Snowmobile or ATV **75 Pa. C.S.A.**

**§1711.1(a)(1)**; Count 3: Liability Insurance **75 Pa. C.S.A. §7730(a)**; and Count

4: Operation on Streets and Highways **75 Pa. C.S.A. §7721(a)**. We submit this

Opinion in support of the Court's verdict of guilty on all four (4) Counts and

sentencing to thirty (30) to sixty (60) days incarceration in Schuylkill County.

2

Appellant filed a timely Concise Statement of Matters for which he complains on appeal citing **Title 75 Pa. C.S.A. §7702** definition of all-terrain vehicles; **Title 75 C.S.A. §102** defining motor vehicles; and **Title 75 C.S.A. §3805(a)(1)** concerning the ignition interlock requirements and **Title 75 C.S.A. §3805(d)** requiring the operator to secure an unrestricted license involving "the movement of <u>any vehicle</u> within this Commonwealth unless the <u>motor vehicle</u> is equipped with an ignition interlock system." (Emphasis added). **Title 75 PA C.S.A §101** et seq "Vehicle Code."

Essentially Appellant asserts that the all-terrain vehicle (ATV) is not included as a motor vehicle subject to the restriction of acquiring an ignition interlock system before operating the motor vehicle. Appellant admits he was operating an ATV in Mahanoy Township, Schuylkill County northbound on State Route 339 in Mahanoy Township, Schuylkill County on April 27, 2019 at approximately 4:57 p.m., although he claimed he was on the berm contrary to the Affiant's credible testimony. The ATV was a red/black Yamaha Banshee that did not have a registration displayed nor could the Appellant produce any liability insurance for the ATV. Furthermore, Appellant's Pennsylvania license revealed that an ignition interlock is required on all vehicles that Appellant operates. This was proven by the Officer's review of the certified driver's record which was admitted as Commonwealth's Exhibit 1. Appellant after testifying admitted he is required to have an ignition interlock system on his vehicles.

Appellant contends that **75 Pa. C.S.A. §7702** proves the ATV is not a motor vehicle subject to the Ignition Interlock Statute and cites the definitions

3

section of Chapter 77 which defines ATV as "a motorized off-highway vehicle which travels on three or more off-highway tires..." This term does not include snowmobile; trail bikes; motorboats; golf carts; aircraft; dune buggies; automobiles; construction machines; trucks or home utility machines; military, fire, emergency and law enforcement vehicles; implements of husbandry; multipurpose agricultural vehicles; vehicles used by the department; or any vehicle that is or is required to be registered under Chapter 13 (relating to registration of vehicles). In addition, this term does not include off-road motor vehicles used exclusively as utility vehicles for agricultural or business operations and incidentally operated or moved upon the highway.

**Title 75 C.S.A. §102** defines motor vehicles as "a vehicle which is self-propelled except an electric personal assistive mobility device or a vehicle which is propelled solely by human power." Appellant's argument fails for a plain reading of that definition with the general rule applicable to **75 Pa. C.S.A. §3805** requiring ignition interlock states "Any motor vehicle to be operated by the individual has been equipped with an ignition interlock system and remains so for the duration of the restricted license period." This provision applies to "any motor vehicle" which is equally applicable to an ATV as defined by **75 Pa. C.S.A. §7702**: "A motorized off-highway vehicle which travels on three or more off-highway tires..." As such, an ATV is a motorized vehicle although defined as off-highway as set forth in Chapter 77 of the Code as applicable to Chapter 38 concerning ignition interlock of the Code. Appellant argues that ATVs are by definition excluded from the ignition interlock

4

mandates even though the ignition interlock requirement applies to "any motor vehicle." In this Court's opinion under the plain meaning of the code that ATV's are covered by the sections cited by Appellant's definition of "a motorized...vehicle."

Appellant further submits "an ATV cannot be equipped with an ignition interlock system. A motorcycle cannot be equipped with an ignition interlock system. Therefore, a Defendant cannot operate a motorcycle or an ATV because he cannot operate them without an ignition interlock system installed on them as well as Defendant's other motor vehicle that is equipped with an ignition interlock system." Thereby making these provisions of the Code "unconstitutionally overbroad and unenforceable." Our Supreme Court in **Whalen v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, 613 Pa. 64, 32 A.3d 677 (2011)** has held: The purpose of the ignition interlock statute is not to impose further punishment on repeat DUI offenders for past conduct, but rather to protect society from those whose history suggests that they may continue to drive while intoxicated. **Alexander v. Commonwealth of Pennsylvania, Department of Transportation, 583 Pa. 592 880 A.2d 552, 560-61 (2003)**. This implication is exactly what Appellant fails to understand. Appellant must not operate any motor vehicle whether it be a motorcycle or ATV on the highways of the Commonwealth with a record of multiple DUI offenses unless the motor vehicle Appellant is operating is equipped with an ignition interlock device as mandated by **75 Pa. C.S.A. §3805** and includes an ATV for it is a motorized

5

vehicle. Defendant may operate his car because it has an ignition interlock system but not any other motorized vehicle including an ATV or motorcycle not modified with an ignition interlock system.

Commonwealth submitted the testimony of Pennsylvania State Trooper Joseph Aponick with Commonwealth's Exhibit No.1 being admitted into the record as Appellant's certified driver history confirming the mandate of an ignition interlock system. Appellant also testified.

As such, we imposed the sentence as set forth in the Sentencing Order after finding Appellant guilty on all four (4) Counts. Appellant has not yet served the incarceration sentence of thirty (30) to sixty (60) days pending the Superior Court's Order.

Accordingly, we enter the foregoing Order.


**BY THE COURT:**

_____
MILLER, J.


6