J-S16034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE POWELL, | |
| Appellant | No. 1189 WDA 2016 |

Appeal from the Judgment of Sentence July 21, 2016
in the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0001236-2015

BEFORE: MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 15, 2017**

Appellant, George Powell, appeals from the judgment of sentence imposed following his jury conviction of distribution of child pornography and related offenses. He challenges the validity of the search warrant, and claims his statements to law enforcement were coerced. He questions the sufficiency and the weight of the evidence. He argues that his sentence was unconstitutional. He denies the evidence was sufficient to support the determination that he is a sexually violent predator. He claims the requirement of lifetime registration is unconstitutional. We affirm, in part on the basis of the trial court's opinions.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In its opinions, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.[1]  Therefore, we have no reason to restate them at length here.

For the convenience of the reader we note briefly that law enforcement officers assigned to task forces involving violent crimes against children and Internet crimes against children received cyber tips from the National Center for Missing and Exploited Children, alerting them to the possibility that Appellant was obtaining, possessing, and re-distributing contraband pornographic images.  The investigators obtained a court order which identified Appellant as the subscriber to the relevant I-P addresses, some registered in the name of his mother.  After obtaining and executing a search warrant, the investigators seized electronic devices containing pornographic images from Appellant's home.  These images (published to the jury at trial) included pictures and still screen shots, or "captures" from videos of naked prepubescent children in provocative poses, or engaging in sexual acts.

_____

[1] Appellant's *pro se* Motion to Disclose, seeking disclosure of the status and disposition of his purported motion to disqualify appointed appellate counsel, is denied as moot.  (**See** Motion to Disclose, 2/09/17).  Appellant's motion to disqualify counsel was denied, *per curiam*, on December 21, 2016.  (**See** Order, 12/21/16); **see also Commonwealth v. Jette**, 23 A.3d 1032, 1035 (Pa. 2011), and **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993) (rejecting hybrid representation at trial or on appeal).

After receiving, reading, and acknowledging receipt of his "Advice of Rights," (*see Miranda v. Arizona*, 384 U.S. 436 (1966)), Appellant generally acknowledged searching for, obtaining, and resending images and videos of children in sexually provocative poses or engaging in sex acts, *i.e.*, child pornography.

Appellant raises at least eleven issues, framed as six compounded questions, for our review:

> 1. Whether the suppression court erred in denying [Appellant's] omnibus pre-trial motion challenging the validity of the search warrant and the voluntariness of [Appellant's] statements?
>
> 2. Whether the evidence presented at trial was insufficient to establish that [Appellant]: 1) knowingly distributed, delivered[,] disseminated, transferred, displayed or exhibited photographs depicting a minor child engaged in prohibited sexual acts; 2) knowingly possessed, controlled, or intentionally viewed photographs depicting a minor child (or children) engaged in prohibited sexual acts; and 3) intentionally, knowingly or recklessly used a communication facility to commit a crime?
>
> 3. Whether the jury verdict was against the weight of the evidence?
>
> 4. Whether the mandatory sentencing scheme set forth in 42 Pa.C.S.A. § 9718.2 is unconstitutional as its application 1) results in cruel and unusual punishment; 2) is contrary to the Supreme Court's holding in *Alleyne v. United States*, 133 S. Ct. 2151; and 3) is prohibited as applied under the *ex post facto* clause of the United States and Pennsylvania Constitutions?
>
> 5. Whether the evidence was sufficient to find [Appellant] a sexually violent predator?
>
> 6. Whether requiring [Appellant] to register for life is unconstitutional[?]

(Appellant's Brief, at 7-8).

Preliminarily, we are reminded of the observation by the Honorable Ruggero J. Aldisert, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, that this Court has previously cited in *Kenis v. Perini Corp.,* 452 Pa. Super. 634, 682 A.2d 845 (1996), as well as other cases:

When I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not say that it is an irrebuttable presumption, but it is a presumption that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness.

*Id.* at 847 n.3 (citations omitted); *see also Commonwealth v. Snyder,* 870 A.2d 336, 340 (Pa. Super. 2005) ("[T]he effectiveness of appellate advocacy may suffer when counsel raises numerous issues, to the point where a presumption arises that there is no merit to any of them.") (citations omitted).

*J.J. DeLuca Co. Inc. v. Toll Naval Assocs.*, 56 A.3d 402, 409–10 (Pa. Super. 2012).

Moreover, we note that for the most part, Appellant has failed to develop arguments supported by citation to pertinent authority for his eleven claims. *See* Pa.R.A.P. 2119(a), (b). Instead, he merely cites authority for general principles not at issue here, states the case and presents abbreviated, largely conclusory arguments, without appropriate citation to the record. *See* Pa.R.A.P. 2117(c); Pa.R.A.P. 2119(c), (d), (e).

In particular, Appellant claims that the search warrant issued on August 4, 2015 was defective. (*See* Appellant's Brief, at 11-12). Contrary to Appellant's express assertion, the search warrant was supported by a lengthy, specific, detailed affidavit of probable cause, identifying and

- 4 -

describing at least sixteen image or video files depicting children from the age of eight to sixteen engaged in provocative poses or actual sex acts. (**See** Affidavit of Probable Cause, 8/04/15). The suppression court properly denied Appellant's Omnibus pre-trial motion, after a hearing. There was clearly probable cause for the search warrant. Appellant's claim is frivolous.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the trial court we conclude that there is no merit to any of the issues Appellant has raised on appeal.

The trial court opinions properly dispose of the questions presented. (**See** Opinion and Order, 1/04/16, at 2-5; **see also** Trial Court Opinion, 11/09/16, at 2-12) (finding: (1) search warrant was valid, reasonable, and supported by probable cause; Appellant's statements were voluntary and intelligently made; (2) evidence presented was sufficient to establish that Appellant (a) knowingly distributed, delivered, disseminated, transferred, displayed or exhibited photographs depicting a minor child engaged in prohibited sexual acts; (b) knowingly possessed, controlled, or intentionally viewed photographs depicting a minor child or children engaged in prohibited sexual acts; and (c) intentionally, knowingly or recklessly used a communication facility (laptop, cell phone, external hard drive) to commit a crime; (3) trial court properly denied Appellant's challenge to weight of the evidence, which lacked merit; (4) Appellant failed to overcome presumption of constitutionality or otherwise establish that his sentence was

unconstitutional; specifically, Appellant failed to establish that (a) his judgment of sentence constituted cruel and unusual punishment, (b) fact of prior conviction was not an express exception to holding in **Alleyne**, and (c) recognition of prior conviction for rape did not constitute *ex post facto* violation; (5) Commonwealth provided sufficient evidence to classify Appellant as sexually violent predator; and (6) Appellant failed to establish that requirement of lifetime registration was unconstitutional[2]).

Accordingly, we affirm on the basis of the trial court's opinions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2017

---

[2] Citing **Commonwealth v. McDonough**, 96 A.3d 1067, 1071 (Pa. Super. 2014), *appeal denied*, 108 A.3d 34 (Pa. 2015) (holding Commonwealth's Sexual Offender Registration and Notification Act (SORNA) registration provisions constitutional as applied).

516 034.17

## IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,   : CRIMINAL ACTION

v.                                                    :

GEORGE ARTHUR POWELL,              : NO. 1236 OF 2015

        Defendant.                            :

_____ : JUDGE JOSEPH M. GEORGE, JR.

**ATTORNEYS AND LAW FIRMS**

Jessel A. Costa III, Esquire, Deputy Attorney General, *For the Commonwealth*

Mary Campbell Spegar, Esquire, Assistant Public Defender, *For the Defendant*

## OPINION AND ORDER

GEORGE, J.                                                    January 4, 2016

This matter comes before the Court on an Omnibus Pre-Trial Motion filed on September 21, 2015 in the form of Motion to Suppress Evidence, Motion to Suppress Statements, and Motion to Dismiss for Lack of Probable Cause. The defendant is charged with one (1) count of Dissemination of Child Pornography,[1] sixteen (16) counts of Child Pornography[2] and one (1) count of a Criminal Use of a Communication Facility.[3] A hearing was held on December 22, 2015. Upon and after hearing and review of the record, the Court will **DENY** the motion in its entirety.

---

[1] 18 Pa. C.S. § 6312(c).

[2] 18 Pa. C.S. § 6312(d).

[3] 18 Pa. C.S. § 7512(a).

1

## I.  MOTION TO SUPPRESS EVIDENCE

The defendant raised in his Omnibus Pre-Trial Motion that the Commonwealth unconstitutionally searched his computer and personal belongings based on a lack of probable cause. (Paragraphs 8-12, OPT Motion). Both the Fourth Amendment of the United States Constitution and Article 1 Section 8 of the Pennsylvania Constitution require search warrants to be supported by probable cause. *Commonwealth v. Jones*, 605 Pa. 188, 199, 988 A.2d 649, 655 (2010). The Court must look at the totality of the circumstances to determine whether probable cause existed for the issuance of a search warrant. *Commonwealth. v. Huntington*, 924 A.2d 1252, 1255 (Pa. Super. 2007). Under this standard, there must be a fair probability based on the facts stated in the affidavit of probable cause that evidence of a crime will be found in a particular place. *Commonwealth. v. Murphy*, 916 A.2d 679, 682 (Pa. Super. 2007). Finally, probable cause is based on a finding of the probability, not a prima facie showing of criminal activity, and the magistrate, who may not consider evidence outside the four corners of the affidavit, is to be accorded deference in a finding of probable cause. *Commonwealth v. Ryerson*, 817 A.2d 510, 513-14 (Pa. Super. 2003).

In the instant case, the Commonwealth entered into evidence as Commonwealth Exhibits 8, 9, and 11, the applications for search warrant. Thus, after reviewing the search warrants and applying the "four corners" test, this Court finds that the search was reasonable and justified by probable cause.

2

## II. MOTION TO SUPPRESS STATEMENTS

Defendant next contends the statements made to Agent Fascetti were not voluntarily and intelligently made and in violation of his constitutional rights.

> When deciding a motion to suppress a confession, the touchstone inquiry is whether the confession was voluntary. Voluntariness is determined from the totality of the circumstances surrounding the confession. The question of voluntariness is not whether the defendant would have confessed without interrogation, but whether the interrogation was so manipulative or coercive that it deprived the defendant of his ability to make a free and unconstrained decision to confess. The Commonwealth has the burden of proving by a preponderance of the evidence that the defendant confessed voluntarily.

*Commonwealth v. Nester*, 551 Pa. 157, 709 A.2d 879, 882 (1998) (citation omitted).

This Court finds that, based on Agent Fascetti's testimony, the defendant's statements were voluntarily and intelligently made. After the defendant was placed under arrest, Agent Fascetti informed him of his *Miranda* rights, via the Advice of Rights form, introduced into evidence as Commonwealth Exhibit 12. Subsequently, the defendant waived his rights and initialed the form, indicating he wanted to make a statement. Agent Fascetti testified that the defendant was of sound mind and did not appear to be under the influence of alcohol or drugs when he waived his rights and made his statement. Additionally, Agent Fascetti testified that the defendant's answers were consistent with the questions asked, providing a reasonable inference the defendant was aware of the situation.

Therefore, we find the uncontested testimony of Agent Lorraine Fascetti to be credible and conclude that the statements made by the defendant to Agent Fascetti were knowingly and intelligently made and made of the defendant's own free will.

## III. MOTION TO DISMISS FOR LACK OF PROBABLE CAUSE

The defendant contends the Commonwealth has a lack of evidence in establishing that the defendant engaged in any criminal activity. In an Omnibus Pre-Trial Motion for Petition for Habeas Corpus relief, the Court must determine whether the Commonwealth established a *prima facie* case for the charged offenses. *Commonwealth. v. Packard*, 767 A.2d 1068, 1070 (Pa. Super. 2001). "When deciding whether a *prima facie* case was established, [the Court] must view the evidence in the light most favorable to the Commonwealth, and . . . consider all reasonable inferences based on that evidence which could support a guilty verdict." *Commonwealth. v. James*, 863 A.2d 1179, 1182 (Pa. Super. 2004) (citation omitted). Unlike the beyond a reasonable doubt standard, a *prima facie* case is merely a degree of evidence "that if presented at the trial in court, *and accepted as true*, the judge would be warranted in allowing the case to go to the jury." *Commonwealth. v. Wojdak*, 502 Pa. 359, 368, 466 A.2d 991, 996 (1983) (emphasis original); see *James*, 863 A.2d at 1182.

Upon consideration of Agent Fascetti's uncontradicted testimony and the exhibits entered into evidence, the Court finds the Commonwealth has established a *prima facie* case against the defendant. The Commonwealth's evidence included:

4

(1) Three cyber tips from social networking sites Pinterest and Tumblr of a member who uploaded images of child pornography;

(2) The member name on the account was George Powell;

(3) The IP address used to post these images came from the location where the defendant resides;

(4) The defendant's statement that he commonly shared pornographic images on Pinterest and Tumblr;

(5) The defendant's statement that he thought the persons displayed in the pornographic images were older than eighteen;

(6) Agent Fascetti's credible testimony of the investigatory steps taken in the case;

(7) Agent Fascetti's lay opinion that the persons in the images were less than eighteen-years-old; and

(8) The observations by the Court of several images which, in the Court's opinion, were of children under the age of eighteen.

Wherefore we will enter the following Order:

5

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA, : CRIMINAL ACTION

v. : NO. 1236 OF 2015

GEORGE ARTHUR POWELL, :

        Defendant. : JUDGE JOSEPH M. GEORGE, JR.

# ORDER

AND NOW, this 4th day of January, 2016, upon consideration of the
defendant's Omnibus Pre-Trial Motion in the form of Motion to Suppress Evidence,
Motion to Suppress Statements, and Motion to Dismiss for Lack of Probable Cause
and after hearing thereon, it is hereby **ORDERED** and **DECREED** that the Motion
is **DENIED**, in its entirety.

The Attorney General is **DIRECTED** to list this matter for trial.

BY THE COURT:

ATTEST:

_____
CLERK OF COURTS

_____
JOSEPH M. GEORGE, JR., JUDGE

6

SI6034·17

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :

vs.    :

GEORGE ARTHUR POWELL,    :    No. 1236 of 2015

Appellant.    :

## OPINION

*Linda R. Cordaro, J.*

Following a trial by jury, George Arthur Powell (Appellant) was found guilty of Distribution of Child Pornography, Sexual Abuse of Children (Possession of Child Pornography), and Criminal Use of a Communication Facility. On July 21, 2016, Appellant was sentenced to a term of imprisonment of not less than twenty-five years nor more than fifty years. On July 29, 2016, Appellant filed a timely post-sentence motion, which was denied by this Court, and Appellant filed a direct appeal to the Superior Court of Pennsylvania.

The complaints contained in Appellant's "Concise Issues" are as follows:

1. Whether the Suppression Court erred in denying Defendant's Omnibus Pre-Trial Motion challenging the validity of the search warrant and the voluntariness of Defendant's statements.

2. Whether the evidence presented at trial was insufficient to establish that the Defendant: (1) knowingly distributed, delivered disseminated, transferred, displayed or exhibited photographs depicting a minor child engaged in prohibited sexual acts; (2) knowingly possessed, controlled or intentionally viewed photographs depicting a minor child (or children) engaged in prohibited sexual acts; and (3) intentionally, knowingly or recklessly used a communication facility to commit a crime.

3. Whether the jury verdict was against the weight of the evidence.

4. Whether the mandatory sentencing scheme of 42 Pa. C.S.A. § 9718.2 is unconstitutional as its application (1) results in cruel and unusual punishment; (2) is contrary to the Supreme Court's holding in *Alleyne v. United States,* 133 S.Ct. 2151; and (3) is prohibited as applied under the Ex Post Facto Clause of the United States and Pennsylvania Constitutions.

5. Whether the evidence was sufficient to find the Defendant a sexually violent predator.

6. Whether requiring the Defendant to register for life is unconstitutional.

The Court will address each issue numerically:

1. *Error by the Suppression Court*

After an Omnibus Pre-Trial Motion was filed on behalf of Appellant, a

hearing was held on December 22, 2015, before the Honorable Judge Joseph George. This

Court incorporates herein the Opinion authored by Judge George dated January 4, 2016.

2. *Sufficiency of the Evidence*

Appellant next contends that the Commonwealth did not provide

sufficient evidence to support his conviction for Distribution of Child Pornography, Sexual

Abuse of Children (Possession of Child Pornography), and Criminal Use of Communication

Facility.

The standard of review for a challenge to the sufficiency of the

evidence is to determine:

whether, when viewed in the light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. [In this context, appellate courts] do not assess credibility nor assign weight to any of the testimony of record. Therefore, [the verdict will not be disturbed] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Vogelsong,* 90 A.3d 717, 719 (Pa.Super. 2014).

Appellant first contends that the Commonwealth did not provide sufficient evidence to support Appellant's Distribution of Child Pornography conviction. The statute at issue sets forth, "Any person who knowingly distributes, disseminates, transfers, displays or exhibits to others, any photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense. *18 Pa. C.S.A. § 6312(c).*

The Commonwealth presented testimony through Detective Havelka, a member of the Allegheny County District Attorney's Office Internet Crimes Against Children Task Force, that she received three "cyber tips" from the National Center for Missing and Exploited Children.[1] (T.T. vol. 1, pp. 32 – 36). The cyber tips were in relation to three photos shared online through Tumblr and Pinterest, which appear to depict minors in sexually explicit poses. Through a court order, Detective Havelka obtained the Internet Protocol ("IP") addresses for the computer from where the shared photos originated, and she received information that the IP addresses were assigned to Regina Powell at 95 West Church Street, Fairchance, Pennsylvania 15436. ((T.T. vol. 1, pp. 36 – 38). Because the

---

[1] Two cyber tips were generated by Tumblr and one cyber tip was generated by Pinterest. (T.T. vol. 1, pp. 32 - 36).

address was out of her jurisdiction, she forwarded the investigation to the Attorney General's office of Pennsylvania.

Detective Fascetti, from the Child Predator Section of the Pennsylvania Office of the Attorney General, testified that after receiving Detective Havelka's referral, she requested Tumblr to freeze any accounts containing the email addresses of *gap_sr@yahoo.com* and *gapfarmer.tumblr.com*. (T.T. vol. 1, pp. 49).[2] Through search warrants, Detective Fascetti corroborated that the Tumblr and Pinterest accounts from where the photos were shared belonged to Appellant, and these accounts were opened using the *gap_sr@yahoo.com* email address. (T.T. vol. 1, pp. 50 - 53). She also corroborated that the IP address of the computer from where the photos originated was assigned to 95 West Church Street, Fairchance, Pennsylvania, the Appellant's home, and she obtained a search warrant for his home. (T.T. vol. 1, pp. 63).

Three electronic devices were recovered during the search: (1) an ASUS laptop, (2) an LG cellular phone, and (3) an external hard drive. (T.T. vol. 1, pp. 62, 63). Forensic Investigators found child pornography on all three devices (T.T. vol. 1, pp. 66 - 82), including the photo that was shared on Tumblr and Pinterest. During questioning, Appellant admitted to the ownership of the *gap_sr@yahoo.com* email address (T.T. vol. 1, pp. 91) as well as all three electronic devices (T.T. vol. 1, pp. 102). Appellant further admitted that he visited Tumblr and Pinterest (T.T. vol. 1, pp. 93), and he shared and/or "pinned" one of the photos (T.T. vol. 1, pp. 111). Considering the testimony offered by the Commonwealth, this Court finds that the evidence was more than sufficient for the jury to convict Appellant for Distribution of Child Pornography.

---

[2] Detective Fascetti testified that the "gap" on the email addresses corresponds to Appellant's name George Arthur Powell. (T.T. vol. 1, pp. 50).

Appellant next contends that the Commonwealth did not provide sufficient evidence to support the Sexual Abuse of Children (Possession of Child Pornography) conviction. The relevant statute reads that:

> Any person who intentionally views or knowingly possesses or controls any photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

*18 Pa. C.S.A. § 6312(d).*

In addition to the previous admissions by Appellant, Detective Fascetti testified that Appellant also admitted that he conducted searches of the following terms: "Lolita"; "r@ygold"; "9-Y-O"; and "13-Y-O" (T.T. vol. 1, pp. 94 - 95). These are terms commonly associated with child pornography. Specifically, the "9-Y-O" denotes 9 year old, and "13-Y-O" denotes 13 year old. (T.T. vol. 1, pp. 94). Appellant stated that he probably would have viewed children as young as four years old, but he preferred girls between the ages of 14 to 16. Additionally, Aprill Campbell, a Forensic Investigator with the Attorney General's Office, testified that the Appellant had an elaborate scheme in which he downloaded "mpeg" videos from his computer and converted them to "MP4" videos so he could watch them on his cell phone. (T.T. vol. 1, pp. 33). Considering the Commonwealth's evidence, this Court finds that the evidence was more than sufficient to convict the Appellant of the crime of Sexual Abuse of Children.

Appellant also argues that the Commonwealth did not provide sufficient evidence to support the conviction for Criminal Use of Communication Facility. The statute provides that "a person commits a felony of the third degree if that person uses a

communication facility to commit any crime which constitutes a felony under this title." *18 Pa. C.S.A. § 7512(a).*

The courts have held that using one's electronic device in their place of dwelling to view child pornography violates 18 Pa.C.S.A. §7512(a). *See generally Com v. Colon,* 2016 PA Super 50, 136 A.3d 521, 527 (2016) (Superior Court upheld conviction for §7512(a) when defendant used his laptop computer, in his apartment, to participate in child pornography activity).

The jury had the opportunity to view the images through the exhibits that were introduced and admitted by the Commonwealth. The jury properly found there was sufficient evidence to convict Appellant of Section §7512(a) based on the exhibits viewed by the jury and the testimony that the defendant was using his home computer to view and share child pornography.

### 3. *Weight of the Evidence*

Appellant next argues that the verdict was against the weight of the evidence. The jury, as the fact finder, exclusively weighs the evidence, assesses the credibility of witnesses, and may choose to believe all, part, or none of the evidence. *Commonwealth vs. DeJesus, 580 Pa. 303, 860 A.2d 102 (2004).* "A new trial is warranted only when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. *Commonwealth v. Morales, 625 Pa. 146, 164, 91 A.3d 81, 91 (2014).*

Here, the record shows Appellant opened the Tumblr and Pinterest accounts using one of his three electronic devices, and he downloaded and shared child pornography from internet sites. He also downloaded videos and converted them to a format which he could watch on his cell phone. Appellant clearly had access and control

over the three electronic devices and the child pornography files contained on the devices. A forensic examination of the laptop revealed an extensive history of child pornography related searches, image viewing, and video downloading. When viewing the evidence in its totality, the guilty verdict does not shock the sense of justice, and the Court should not substitute the fact finder's judgment. For the foregoing reasons, Appellant's argument that the verdict is against the weight of the evidence is without merit.

### 4. *Unconstitutionality of Sentencing Scheme*

Appellant next contends that the mandatory sentence imposed under 42 Pa. C.S.A. § 9718.2(a)(1) is unconstitutional. 42 Pa.C.S.A. § 9718.2 provides for the following sentences for sexual offenders:

> (a) Mandatory sentence.--(1) Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon such conviction, the court shall give the person oral and written notice of the penalties under paragraph (2) for a third conviction. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

The Pennsylvania Supreme Court has consistently held that enactments of the General Assembly enjoy a strong presumption of constitutionality, *Commonwealth v. Barud*, 545 Pa. 297, 304, 681 A.2d 162, 165 (1996), and all doubts are to be resolved in favor of sustaining the constitutionality of the legislation. *Commonwealth v. Blystone*, 519 Pa. 450, 463, 549 A.2d 81, 87 (1988), *affirmed*, 494 U.S. 299, 110 S.Ct. 1078, 108 L.Ed.2d 255 (1990). The right of the judiciary to declare a statute void is one which is so grave that it is

never to be exercised except in very clear cases." *Erie & North–East Railroad Co. v. Casey*, 26 Pa. 287, 300 (1856). In order for an act to be declared unconstitutional, the challenging party must prove the act "clearly, palpably and plainly" violates the constitution. *Barud*, 545 Pa. at 304, 681 A.2d at 165.

In *Commonwealth vs. Baker*, 621 Pa. 401, 78 A.3d 1044 (2013), the Pennsylvania Supreme Court held, as a matter of first impression, that the mandatory minimum sentence of 25 years for possession of child pornography as a second offender did not violate the prohibition against cruel and unusual punishment. The Defendant in *Baker*, like the Defendant in the instant case, was sentenced under a recidivist sentencing scheme.

The Eighth Amendment to the United States Constitution forbids only extreme sentences which are grossly disproportionate to the crime. *Baker*, citing *Commonwealth v. Hall*, 549 Pa. 269, 701 A.2d 190, 209 (1997)(quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed 2d 836 (1991).

The fact that the Appellant was sentenced in March 1999 to 5 to 10 years for rape, a felony of the first degree, invokes the mandate of 42 Pa.C.S.A. §9718.2(a)(1). The nature of Appellant's prior offense goes to the gravity of his instant offense. Additionally, like the Defendant in *Baker*, "[appellant's] crime is more accurately understood as secondary or indirect participation in the sexual abuse and exploitation of innocent children for personal gratification. That is a very serious and grave offense." *Baker* at 1052. Here, there is no indication that the sentence in question is grossly disproportionate to the crime; thus, Appellant cannot sustain its burden that the act clearly, palpably and plainly violated the constitution.

We next consider Appellant's *Ex Post Facto* claims. "A state law violates

the *ex post facto* clause if it was adopted after the complaining party committed the criminal acts and inflicts a greater punishment than the law annexed to the crime, when committed." *Commonwealth v. Vaughn,* 770 A.2d 287, 289 n. 2 (Pa.2001). "[I]f a defendant completes a crime before an increased penalty takes effect, it would violate his right not to be subject to *ex post facto* legislation to impose the increased penalty upon him." *United States v. Julian,* 427 F.3d 471, 482 (CA7 2005).

In the present case, the crimes for which the Appellant was convicted took place between January 2015 and March 2015. (T.T. vol. 1., pp. 92). 42 Pa. C.S.A. § 9718.2(a)(1) was enacted in November 2006, long before the criminal conduct occurred. Because Appellant committed the criminal acts long after the law had been enacted, Appellant's claim of an ex post facto violation is without merit.

In addition, Appellant argues that the mandatory sentence scheme set forth in 42 Pa.C.S.A. §9718.2 is contrary to the Supreme Court's holding in *Alleyne v. United States,* 133 S.Ct. 2151. In *Alleyne,* "the United States Supreme Court held that any facts leading to an increase in a mandatory minimum sentence are elements of the crime and must be presented to a jury and proven beyond a reasonable doubt." *Commonwealth v. Valentine,* 101 A.3d 801, 809 (Pa.Super.2014). However, this Court has explained that "[p]rior convictions are the remaining exception to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Alleyne v. United States.* ––– U.S. –––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), insofar as a fact-finder is not required to determine disputed convictions beyond a reasonable doubt to comport with the Sixth Amendment jury trial right. *Commonwealth v. Hale,* 85 A.3d 570, 585 n.13 (Pa.Super.2014).

The Pennsylvania Superior Court addressed the constitutionality of §

9718.2(a)(1) in *Commonwealth v. Bowers, infra.* In that case, the Superior Court issued a non-precedential decision holding that because the "mandatory minimum sentence contained in subsection 9718.2(a)(1) is predicated upon prior convictions, *Alleyne* does not render it unconstitutional." *Com. v. Bowers*, No. 896 WDA 2015, 2015 WL 7354587, at 2 (Pa. Super. Ct. Nov. 19, 2015). Although the *Bowers* decision is non-precedential, it served as a guide for the sentencing court.

### 5. *Evidence of Appellant's Classification as a Sexually Violent Predator.*

Pursuant to *42 Pa. CSA 9799.24(b)*, Appellant was assessed by Corrine Schueneman from the Pennsylvania Sexual Offender's Assessment Board. Prior to sentencing, this Court heard testimony from Ms. Schueneman, who opined that Appellant meets the classification of a sexually violent predator. Ms. Scheuneman testified that Appellant meets the criteria for a paraphilic disorder; and this sexual deviant disorder was the driving force behind his offending behavior. (Class. Hear. T., p. 17). She added that paraphilic disorders are lifelong conditions that override a person's emotional volitional control, and this predisposes an individual to a greater likelihood to reoffend and to predatory sexual behavior. (Class. Hear. T., p. 18).

The Commonwealth provided sufficient evidence to classify Appellant as a sexually violent predator.

### 6. *Constitutionality of lifetime registration requirement*

The final issue raised by Appellant is the argument that his lifetime registration requirement under the Sexual Offender Registration and Notification Act is unconstitutional.

Appellant was classified as a "Tier III" offender and ordered to register

with the Pennsylvania State Police as a sexual offender for his lifetime.

On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A § 16901, *et seq. Com v. Sampolski,* 89 A.3d 1287, 1288 (Pa. Super. 2014). Under 42. Pa.C.S.A. §9799.14, the statute establishes a three-tiered system of specifically enumerated offenses requiring registration for sexual offenders for differing lengths of time. Pursuant to section 9799.15(a)(1), a person convicted of a Tier I offense must register for 15 years, a Tier II offender must register for 25 years, while a Tier III offender, like Appellant, must register for the remainder of his or her life. 42 Pa. C.S. § 9799.15 (a)(1),(a)(2), (a)(3).

In regards to registration requirements, the Pennsylvania Supreme Court, under prior Megan's Law, held that a mandatory registration requirement for a convicted sexual offender is not penal in nature. *Com. v. Williams,* 574 Pa. 487, 832 A.2d 962 (Pa. 2003).

Further, the Appellate Court has addressed the constitutionality of the Adam Walsh Act. Specifically, the Superior Court in *Com. v. McDonough,* 93 A.3d 1067 (Pa. Super. 2014), recently affirmed a sentence of two years' incarceration and a fifteen year registration requirement imposed on the Defendant. In *McDonough,* the Superior Court recognized the similarity between Megan's Law and SORNA and the Adam Walsh Act, determining that although the Adam Walsh Act is a successor to Megan's Law, the registration provisions contained therein are nearly identical in nature. The same principles behind the registration requirements for sexual offenders under Megan's Law apply to

those subject to SORNA in that the Adam Walsh statute was passed as a remedial legislation used to effectuate the non-punitive goal of public safety.[3] *Id.* at 1071.

With this law to guide us, we find no constitutional bar to a lifetime registration for a convicted sexual offender.

## CONCLUSION

Based on a review of the evidence presented and the relevant statutory authority, and for the reasons set forth herein, the judgment of sentence in this matter should be affirmed.

BY THE COURT:

*Linda R. Cordaro*

LINDA R. CORDARO, JUDGE

11-10-16   10:37
DIST/DATE

DEF_____
DA   AG-R
PO_____
PD    I
WARD_____
SHER_____
CA    I
ATTY_____
CC
Legal Journal- R

Dated: November 9th, 2016

FILED
2016 NOV -9 PM 2:40
JANICE SNYDER
FAYETTE COUNTY
CLERK OF COURTS

---

[3] See *42 Pa. C.S. § 9791(a)* (legislation findings and declaration of policy behind registration of sexual offenders). See also *42 Pa. C.S. § 9799.10* (purpose of registration of sexual offenders under SORNA); see also *H.R. 75, 195th Gen. Assem. Reg. Sess. (Pa.2012)*.